OPINION of the Court, by
Judge Owsley.
This was an action of detinue brought ip the court below by the appellee to recover a negro woman slave, and the appellant having pleaded the statute of limitations, the appellee in substance replied, that within five years from the accrual of the cause of action, he commenced in a court of competent jurisdiction against the appellant, a similar action for the purpose of recovering the same negro, and after the jury in that action was sworn to try the issue joined, being unable to maintain his right, he suffered a nonsuit, and that recently thereafter, within the space of one year, lie commenced the present action, &c. And whether the court below erred in overruling a demurrer to the replication filed by the appellant, is the only question necessary to be determined by this court.
The solution of this question depends exclusively upon the construction which may be given to the proviso contained in the sixth section of the act of 1796, concerning limitations of actions. By that proviso (see *306 \ JAttelI 383,) if in any of the actions or suits previ-oiisb' mentioned in the act, judgment be given for the plaintiff, and the same be reversed afterwards by error, or a verdict passed for the plaintiff, and upon matter lodged in arrest of judgment the judgment be given against the plaintiff, that he, take nothing by his plaint, writ, or bill, that in all such cases the party, plaintiff, his heirs, executors or administrators, as the case shall require, may commence a new action or suit, from time to time, within one year after such judgment reversed, or such judgment given against the plaintiff, and not after.”
it is not pretended the case in question Comes strictly within the letter, hut such a latitude of construction is contended for as will bring it within the equity of the ;proviso. Cases may possibly occur where it might perhaps he proper by a liberality of construction to give the proviso an operation beyond its literal import. As for example, where the plaintiff’s action in consequence of his death abates, then as by aft inevitable necessity, and not in consequence of any default in him, his action is defeated ; it might be proper, although the time of limitation may have elapsed, to permit the executor or administrator, under the equity of the statute, to maintain w ithin the time mentioned in the proviso a new suit. But even in that case, there appears not to have been a perfect accordance among the English judges when speaking upon the sub ject, for although by some of them the doctrine has been thus recognized, when giving an exposition to a proviso in their statute similar to that of ours ; yet Ea: on Comyns, in the 1st vol. of his Digest, (nage 232) says “ the plaintiff cannot reply another original sued by his testator who died, and so it abated, for that is not within the provision of the statute and in support of his position refers to'“Sut. 264.” ‘Whatever disposition might exist with the court to extend the operation c.f the prox’iso to the case just put, notwithstanding the opposing authority referred to from Comyns, they are unable to perceive any principle which can authorise the rase in question to be brought within it: for as the appellee voluntarily abandoned his first suit, he ought not to be permitted to avail himself of his own laches as a means whereby the plain operation of a statute, made for the repose of defendants, should he defeated of its purpose. Whilst the '• use first *307 brought by the appellee was depending, he should have exercised proper vigilance in its prosecution ; and his failure to do so, can upon no principle ufi'ord grounds upon which the equity of the statute can operate.
The judgment must therefore be reversed with costs, the cause remanded to the court below, and proceedings there had not inconsistent with this opinion.