JOHN A. CONANT, ADMINISTRATOR OF JOHN JACKSON, *v.* SMITH HITT.

The death of a creditor, after an action has accrued to him, does not interrupt the running of the statute of limitations.

ASSUMPSIT, on a promissory note, given by the defendant to the plaintiff's intestate, dated September 13, 1831, payable on demand. The defendant prayed oyer of the plaintiff's letter of administration, which was read to him. Said letter was dated September 4, 1837.

Plea ;—The statute of limitations. Replication ; " that the causes of action set forth in the plaintiff's declaration, did accrue to the said John Jackson within six years next before the decease of the said John Jackson and that the plaintiff commenced this suit for the same, in that whereby letters of administration was granted upon the estate of the said John Jackson, to wit, on the 18th day of August, 1838 A. D. " The defendant demurred to the replication and the plaintiff joined in demurrer.

The county court adjudged the replication insufficient, and rendered a judgment for the defendant, and the plaintiff excepted to the decision of the county court.

*E. N. Briggs,* for plaintiff.

The question presented in this case, has probably never been directly before this court.

The statute of limitations is a statute of repose, designed to quiet long standing claims, and is founded on a presumption of payment.

The legislature has fixed the term of six years upon simple contracts, but have made exceptions in favor of claims in cases where the creditor has been pursuing his remedy, and may have been defeated upon demurrer or abatement, in which case the statute allows one year after the decision. Of the same nature is the case of a payee, who commences his suit on a note a short time previous to the statute having run, and is defeated without a trial of the merits. In such case, he has one year thereafter to commence his suit anew.

In the case of a debtor who dies just previous to the statute having run upon a claim, it has often been decided that the claim is not barred.

The case at bar is within the reason and spirit of the foregoing exceptions, and if there is no rule of law specially applica-

RUTLAND.
February,
1840.

Adm'r of
Jackson
v.
Hitt.

ble to the case, it ought to be decided upon the same principle. *Phelps* v. *Hough & Wood*, 9 Vt. R. 399.

In Massachusetts, an administrator or executor has one year allowed to commence suits in favor of the testator or intestate.

*R. V. Marsh*, for defendant.

I. The cause of action in the plaintiff's declaration is barred by the *express provisions* of the statute of limitations and is not embraced within *any of its exceptions.* Stat. vol. 1, 290, 291, sec. 8, 9 and 10. 4 Bac. Abr. 470, 471.

II. The settled rule of law, is, that if the statute once begins to run, it *continues* to run over all *intervening* periods, and therefore its operation does not cease on the death of the payee, or absence of the defendant from the state, unless expressly provided for and excepted by the statute. 2 Saund. R. 63, e. f. in note 6. Willes's R. 27. 4 Bac. Abr. 479.

III. If the legislature intended that the operation of the statute of limitations should cease, from the death of the intestate to the appointment of the administrator, they would either have included the case in the exceptions to the statute, or would have passed a special act, deducting that period of time in computing the time the statute has to run, as in the case of persons absent from the state. See statute of 1832, sec. 1. vol. 2, p. 57.

IV. If, by analogy to the statute of 1832, or according to the spirit and *equity* of the statute of limitations, the time from the death of the intestate to the granting of letters of administration, should be deducted, in computing the time the statute has to run, then, after deducting such time, the cause of action, in this case, is still barred by the statute, as will be seen by referring to the date of the letter of administration, (4th September, 1837,) and the time of commencing this suit.

V. The plaintiff, in this case, cannot be included in the *equity* of the statute, because he is guilty of *laches and neglect* in not sooner commencing his suit, after administration was granted to him. Besides, the plea of the statute is to be favored. 2 Saund. R. 64 and 64, a. *Green* v. *Revitt*, 2 Salk. 421, 422. 7 Mod. 12. 1 Bl. R. 287.

VI. The cause of action is barred by the construction

given to our statute, as also the English statute, 21 Jac. 1 C. 16, S. 3, (similar in all respects to ours) by judicial decisions under said statute. 4 Bac. Abr. 470, 471, 479, note a. 2 Saund. R. 63, e. f. note 6. Willes's R. 27. 2 Salk. R. 421.

RUTLAND,
*February,*
1840.

Adm.'r of
Jackson
*v.*
Hitt.

The time of limitation must be computed from the time when the action *first accrued* to the testator or intestate, and not from the time of granting letters, or proving the will, for that gave no *new* cause of action and is therefore perfectly immaterial. *Hickman* v. *Walker*, Willes's R. 27. *Curry* v. *Stephenson*, 2 Salk. 421. 4 Mod. 372. *Safford* v. *Adams*, Cro. Jac. 61. *Deane* v. *Crane*, 1 Salk. 28. 6 Mod. 309, 310. 2 Strange, 890. 2 Saund. R. 63, e. f., in note 6. 4 Bac. Abr. 479, note a., " Limitation of actions."

The opinion of the court was delivered by

COLLAMER, J.—The defendant's note was dated 13th September, 1831, and due on demand, to the intestate. Administration was taken on the 4th September, 1837. The suit was commenced 18th August, 1838. Had the statute of limitations run ? The statute of limitation runs in six years after the *cause of action accrues*, and, as a general rule, when the statute commences running, it continues, except in a few cases mentioned in the statute. It is however insisted, that when executors or administrators are appointed, the action *accrues to them* only on their appointment. If this be so the statute would not run until six years after the appointment, and, by consequence, probably, those claims on which it had run in the life time of the deceased, would not be barred.

It is also insisted, that, inasmuch as it has been held that the death of the debtor suspends the running of the statute until he has an executor or administrator, who can be sued, so, by analogy, the death of the creditor should also suspend its operation until the administrator or executor is appointed and has reasonable time to sue. There is, however, a clear difference in these cases. When a *debtor* dies, his creditor has no powers either to sue or procure an executor or administrator to be appointed, whom he can pursue. When a *creditor* dies, those who come in his right can take administration and sue when they please. In the present case, if we

RUTLAND,
*February*,
1840.

Adm.'r of
Jackson
*v.*
Hitt.

should adopt the principle for which the plaintiff contends, it would not save his case, as he did not sue until nearly a year after his appointment.    We cannot, however, view this as an undecided question.    The leading case on this subject is the case of *Curry* v. *Stephenson*.    That case is reported in Salk. 433 ; Skinner, 535 ; 4 Mod. 376, and Carthew, 335.    As reported in Salkeld, it sustains the text of 4 Bacon, 379, that the administrator is to have six years, but as stated in Skinner and in Serg. Williams' notes to 2 Saund. R. 360, note f., it fully sustains the doctrine, that, when the cause of action accrues to the deceased, in his life-time, the statute commences running, and that this same cause of action continues to his administrator and no new one, and the action must be brought thereon within six years from the time this *cause* of action accrued, and not after; but if the money was had or the cause of action accrued after the decease, then the statute does not commence running until an administrator is appointed.

This decision, thus early made, settled the construction of the statute, and has ever been followed, in England.    The statute of 21 Ja. 1, was here adopted, in the same words, after such judicial construction, and that construction it must still have.

Judgment affirmed,