Caldwell, J.
This case presents the single question: Are the proceedings in the Yirginia court, and the decree entered therein in favor of the administrator against Brown, a bar to the present suit by Winstanley and wife ?
It is admitted there was no collusion in the Yirginia suit. Indeed, the record of that case shows that the defendant Brown made all the defense the nature of the case would admit. All the transactions, which had occurred in Ohio as to the execution of the will — the settlement of the estate — the assignment of the note; indeed every material fact that the plaintiffs here allege, to entitle them to recover against defendant Brown, was there presented by him in their behalf.
We do not see that their rights could have been better presented, if Brown had filed a bill of interpleader between them and the Yirginia administrator. A court of competent jurisdiction, with these facts before it, has decided that Brown should pay the amount of this note to the administrator in Yirginia ; he has paid the money; that money has gone to the benefit of the estate, and the question arises, shall he be compelled to pay it again ? We think not.
It is a well settled principle, that when a party has been compelled, by a court of competent jurisdiction, to pay a debt, by *70 proceedings in foreign attachment, it may be plead in bar to a suit by the original creditor. Chancellor Kent, in deciding a case of this kind (Embree and Collins v. Hanna, 5 Johnson 102), lays down the general doctrine, that nothing can be more clearly just, than that a person who has been compelled to pay a debt once, by a court of competent jurisdiction, shall not be compelled to pay it over again. The same doctrine is laid down in Kent’s Com. vol. 2, p. 118.
In this case, on the trial it was proven that the proceeding in the Virginia court was in the nature of a proceeding in foreign attachment. This, however, I think should not have much weight.- The record of that case is before us, and the proceedings look very much like an ordinary proceeding in chancery. Still we think if it would be unjust, and not to be allowed, that a party should be compelled to pay a claim twice in a case of foreign attachment, it would be equally unjust to compel him to pay it again in a case like the present; although the first payment was enforced by the ordinary proceedings in chancery.
It is contended by the plaintiffs, in the suit below, that the executors had a right to assign this note to Elizabeth and Nancy as a part of their share of the estate, and that it vested in them a legal title to it, the assignment being made before the commencement of the suit, or the appointment of the administrator in Virginia. Now admitting it to be true, that the executors could vest the title of this note in the legatees under the will, still we suppose that such title, from the nature of the case, could not be an absolute one. This note formed a part of the assets of the estate. The executors, in Ohio, could have collected the money on it, in place of making' the assignment. It formed a part of the fund for the payment of the debts, legacies, and general purposes of the estate. Each creditor, and each general benificiary under the will, had a claim on it in the first instance for the purpose or raising a fund to pay his claim. If the debts were equal to the assets, then it would all have to go to the creditors.
*71 If, after the assignment, claims had come against the estate of the deceased, the proceeds might all have been appropriated to the payment of such claims; and would have been, if necessary. And even if the money had been collected, and had come into the hands of the assignees, as legatees, they might have been compelled to contribute to the full amount, and would have been, in a proper case. The executors held this note as a part of the assets of the estate, and any assignment that they might make to the heirs, or legatees, of their testator, would be held in trust for the general purposes of settling the estate, if it should become necessary.
There may be a hardship in the case, let it be decided either Way; the hardship would be much greater, however, if Brown should be compelled to pay the money, twice, than if he should be held absolved from the claim. The plaintiff need not have taken this note. It was a matter of contract, and if they and the executors had not stepped aside from the ordinary course of proceeding, the executors would have been bound to collect the money on it, or have handed it over to the administrator in Virginia to have done so: and one payment would then have freed Brown from all future liability.
The money has been collected, not by a stranger, but by the administrator, who holds it for the general purposes of the estate. If the plaintiffs have a right to the proceeds of the note by virtue of the assignment, as they would if there are no claims against it, the administrator will be bound to account to them for it. And if (as it would appear from 'the arguments of counsel) the fact is, that it has been applied to the payment of debts in Virginia, it has been applied to the general benefit of the estate, which has really lost nothing by its being applied in Virginia rather than Ohio.
The plaintiffs are not thereby deprived of any equitable claim which they may have against the other beneficiaries under the will: if deprived of any such claim, it is by their own voluntary act. But how is it with Brown ? Without doing any thing voluntarily, to produce such a result, he will be compelled to *72 pay the money twice; will have no recourse whatever, and the estate of John Nessly will have received double the amount of its claim against him.
We think the plea of defendant presents a complete bar to the action of the plaintiffs; that it is not answered by the replication, and that therefore, the court of common pleas erred in overruling the demurrer to the replication. The judgment will be reversed.