WILLIS BYRD, administrator, &c., *vs.* SUTTON BYRD, administrator, &c.

The 8th section of the act of the legislature of 1844 (Hutch. Code, 830, 831) provides, that "judgments in any court of record in this State shall not be revived by *scire facias;* nor shall any action of debt be instituted thereon after the expiration of seven years after the date of such judgment," &c. *Held,* that the claim sought to be enforced is a judgment or decree of the probate court, and as such comes within the meaning of the statute.

When the statute of limitations commences running, it does not stop, unless the party is restrained by some statute from pursuing his remedy; and the want of administration on an estate would not be sufficient to stop the running of the statute.

ON appeal from the probate court of Franklin county; Hon. James M. Jones, judge of the probate court of Franklin.

The facts of the case will be found fully stated in the brief of appellant's counsel.

*Hurst* and *Stuart,* for appellant.

The petition in this case shows, that at the October term of the probate court of Franklin county, in the year 1837, and on the 17th day of that month, the defendant, Sutton Byrd, as administrator of Asha Byrd, deceased, was ordered to distribute to Wiley Wells, administrator *de bonis non* of Lee Byrd, de-

Byrd *v.* Byrd.

ceased (the said Lee being one of the heirs and distributees of the said Asha) the sum of $818.65; that Wiley Wells died on the 1st day of April, 1844, without having received the same from Sutton Byrd, and that Sutton Byrd has failed to pay the same over to the heirs of Lee Byrd, deceased, since the death of Wells. Letters of administration *de bonis non* upon the estate of Lee Byrd, deceased, were granted by said probate court to the petitioner at the February term thereof, 1853, and the petition was filed a short time thereafter, on the 17th of that month, by which the petitioner contends that the right of Wells as administrator against the defendant as administrator to receive the sum of $818.65, the amount for which the decretal order of distribution was rendered, — which right terminated with the death of Wells, and was in abeyance against defendant until the subsequent grant of letters to the petitioner, — was transmitted to him as the successor of Wells in the administration upon the estate of Lee Byrd, deceased, when he became so by the grant of his letters at the February term of the probate court in 1853. The substance of the prayer of the petition addressed to the probate court is, that the court recognize the transmission, by operation of law, of the right and title which vested in Wells during his life to said sum of $818.65, to him as his successor in the administration after his death, and that the liability of defendant to him to be fixed by the court, decreeing that Sutton Byrd, as administrator, pay over to him, as administrator in the place of Wells, the said sum; which amount it is averred was never paid to Wells in his lifetime, or to any one else entitled to receive the same since his death.

At the March term of the probate court, 1853, the defendant appeared and demurred to the petition. There are several causes of demurrer assigned, all of which were sustained by the court. We contend that the court below erred in sustaining the demurrer. The first cause of demurrer assigned is in the following words: " Said petition is, in form, a bill of revivor, and the probate court cannot entertain such a bill." We contend that it is not in substance or form a bill of revivor; and if it is, as it presents matters of administration and distribution,

of which the probate court has exclusive jurisdiction, and it being necessary, according to the decision of this court, for the liability of a party sought to be rendered liable for an act of administration upon an estate to be first fixed in the probate court having jurisdiction of the question and parties, and the extent of the liability, as an indispensable prerequisite to the maintenance of an action at law upon the bond of an administrator for a breach thereof; and the object of the petition being to fix the liability of the defendant, as administrator, to the petitioner, as an administrator, who had succeeded to the right of Wells, it would have a right to entertain a bill of revivor, or any other form of pleading used in courts of equity necessary and proper to bring before it the facts of a case, of which it not only has jurisdiction, but an exclusive one. *Carmichael* v. *Browder*, 3 How. 252, and other cases to the same point; *Jones et ux.* v. *Irvine's Executors*, 1 Cushm. 361. The function of the petition in this case is assimilated to that of an action at law upon a judgment of record when satisfaction thereof could not otherwise be had, and to that of a subpœna issuing out of chancery to revive a decree which had become abated after the decree had been signed and enrolled. Story, Eq. Pl. p. 420, § 366.

Let us test the petition by the definition of a bill of revivor. The function of a bill of revivor is to revive a pending suit in the name of the representatives of the plaintiff or defendant. Story, Eq. Drafts. p. 412–414, and Story, Eq. Pl. p. 412, § 354. The decretal order made at the October term of the probate court in 1837, was a termination of whatever matter of litigation which may then have existed between them as to the $818.65; it was a final settlement as to the question of right on one side and liability on the other. The right of Wells could not, then, have been enforced in that court by execution upon the decree.

The petition in this case is not for the reassumption of a right or cause of action upon the decree, for the petitioner had none at the time it was made; but as administrator *de bonis non*, he is seeking, as he may do, the possession of the unadministered assets of his intestate. Wells, if alive, might, as

Byrd *v.* Byrd.

administrator, sustain an action against the defendant upon his bond, in the circuit court, for a breach thereof, in failing to pay over to him the amount of the decree. The administrator cannot receive the amount, or have any action therefor, as he only succeeded to the personal, and not to the fiduciary rights of Wells. Those of a fiduciary character, in this particular case, have been transmitted to the petitioner, as his successor in the administration of Lee Byrd, deceased. A decree of the probate court in favor of the petitioner against the defendant for the amount previously ascertained to be the distributive share of his intestate in the estate of Asha Byrd, deceased, of which the defendant is or was administrator, as sought by the petition, could now be enforced by execution from the probate court, and the circuity of an action in the circuit court upon the bond of the defendant, with its prolixity and incidental delays, avoided; and the courts will not drive a party to a circuity of action when a remedy may be had in a more summary manner. A decree of the probate court fixing the liability of the defendant as administrator of Asha Byrd, deceased, to the petitioner as administrator of Lee Byrd, deceased, is deemed necessary, in order to sustain an action in the circuit court against the defendant and his securities on his bond, should recourse to such an action become necessary. This view of the case is sustained by the decision of this court in the case before cited from 1 Cushm. 361. Such appears to have been the view taken by the original counsel in this case in the court below; and if this court did not mean, by the decision cited from Cushman, to go to the extent which we insist they have, it is respectfully invited to say so.

The second cause of demurrer is in the following words: " The remedy (if any on said pretended decree) is in the circuit court, and this court has not jurisdiction thereof." We do not contend that the probate court can, upon any possible contingency, try a matter within the peculiar jurisdiction of the circuit court. We seek no object of the kind by the petition. The whole object of the petition is to establish in the probate court the liability of the defendant, as administrator of the estate of Asha Byrd, deceased, to the petitioner, as adminis-

trator of the estate of Lee Byrd, deceased, as an indispensable prerequisite to the successful maintenance of an action against him and his securities upon his bond in the circuit court, if such an action should become necessary in order to make the $818.65. It seeks to establish a liability on the part of the defendant for a sum certain, fixed by a previous adjudication of the court against him in favor of Wells, and the right to which is transferred, by operation of law, to the petitioner; all of which is manifest from the record.

The probate court, in which the three several trusts were granted, is the tribunal which is to settle the rights and fix the liabilities of parties growing out of those trusts, as it possesses exclusive jurisdiction as to the question of liability, the extent thereof, and to whom liable. It has jurisdiction both of the question and the parties, and hence exclusive. In all such cases, if the matter of right is to be decided upon any recognized principle of equity or equity practice, it is to be entertained and considered as in a court of chancery; and whatever form of pleading would be necessary and proper to bring similar matter of litigation before a court of chancery for its consideration is, in all cases unprovided for by statutory direction, the form of pleading to be adopted in the probate court. The right to adjudicate upon a question necessarily involves the right to entertain any form of pleading necessary to bring before it, upon its merits, the matter to be decided, in the absence of a statutory regulation prescribing the mode in which such subject-matter may be brought before it for the exercise of its jurisdiction.

The third cause of demurrer is in the following words: " It appears from the face of said petition, that more than seven years have elapsed since said pretended decree was rendered, and all remedy thereon is barred by the statute of limitations." If we were to concede that the lapse of seven years, or any other time, would be a good defence as a matter of limitation, and might be taken advantage of by demurrer, nevertheless, upon such concession, it is incorrectly taken in this particular case, provided the first cause of demurrer, as to the petition being in form a bill of revivor, is correctly taken; for if the

petition is either in substance or form a bill of revivor, it is to be entertained and treated according to its nature. As a bill of revivor, the only questions which can legally arise before the court upon it is the competency of the party filing the petition to revive, or the correctness of the frame of the bill. Story, Eq. Pl. 426, 427; Ib. § 374. It is not directly denied that the petitioner has a right to revive, but only incidentally, as the sequence of the denial, that the court has a right to entertain a bill of revivor. The correctness of the frame of the petition as a bill of revivor, is not questioned by the demurrer.

If the statute of limitations was a defence in this case against the representative of Lee Byrd, deceased, for the distributive share of his mother's estate in the hands of the defendant as her administrator, which it is not, the defendant should have availed himself of it by plea, and not by demurrer. If such a defence could be made by demurrer, the party suing would be cut off from the right and benefit of a reply; and matter may be replied which is a good answer to the statute of limitations, and which, if admitted or proved, will defeat its legal effect. In this case, the trustee of express trusts, which are declared by a deed called his administrator's bond, attempts to avail himself of the benefit of the statute of limitations against the *cestui que trust.* The general rule of law upon this subject is, that the trustee of an express trust cannot plead the statute of limitations against the usee of the trust fund. In Hill on Trustees, p. 263, § 5, it is expressly laid down, that " as between trustees and *cestui que trust*, an express trust, constituted by the act of the parties themselves, will not be barred by any length of time, for, in such cases, the possession of the trustee being the possession of the *cestui que trust*," &c.; which, by a parity of reasoning, is equally applicable to the case of an administrator where the trust is created by his act and the concurrent operation of law. And this doctrine, as between executors and administrators, legatees and distributees, has been expressly recognized by this court in the case of *Wren* v. *Gayden*, 1 How. 365; *Carmichael* v. *Browder*, 3 Ib. 262. In the case of an implied trust, the rule is different. In such case the trustee may deny the right of the *cestui que trust*, and assert an

13 *

adverse claim; and the statute of limitations will commence from that day, if there be no disability as to the other party. *Murdock* v. *Hughes*, 7 S. & M. 419. But this is not a case of implied trust; and if it was, no adverse claim to the amount in controversy appears of record.

The fourth cause of demurrer assigned is in the following words: "Said petition does not show that the subject-matter in controversy is unadministered, and therefore no right is shown in the administrator *de bonis non.*" It is not expressly averred in the petition that the said sum of $818.65 in controversy was unadministered, nor is such express averment necessary in this case, inasmuch as matters are alleged which show that it is so, which matters are admitted as true by the demurrer. Those matters are, the express charge that Sutton Byrd never paid any part of that sum to Wells, as administrator, in his lifetime, to whom he was directed to distribute it, or to the heirs of Lee Byrd, the intestate of Wells. The legal inference is, that it remains in the hands of the defendant, and as it has never gone into the hands of the representative of Lee Byrd, deceased, it remains unadministered; and the petitioner, as his administrator, is entitled to it for the purposes of administration.

·*H.* and *W. S. Cassedy*, for appellee,

Contended that there was no error in the decision of the court below, and to sustain their position cited and commented on 3 How. 255; 5 S. & M. 40; Ib. 79; Act Leg. 1846; 24 Miss. 60; Story's Eq. Pl. § 382; Ib. 386.

Mr. Justice FISHER delivered the opinion of the court.

This case comes before the court by appeal from a decree of the probate court of Franklin county, sustaining a demurrer to the appellant's petition.

It appears by the petition, that at the October term, 1837, of said court, a decree was made requiring the appellee as the administrator of the estate of Asha Byrd, deceased, to pay to Wiley Wells, administrator of the estate of Lee Byrd, deceased, on account of his distributive share of the estate of

Asha Byrd, the sum of $818.65; that Wells died about the 1st of April, 1844, without collecting the money; that administration *de bonis non* was granted to the appellee in February, 1853, and that he filed to the same term of the court, the present petition, for the purpose of reviving the decree made at the October term, 1837, of the court, and collecting the said money.

Among other causes of demurrer assigned, it is insisted that the decree is barred by the statute of limitations. The eighth section of the act of 1844, declares, that "judgments in any court of record in this State, shall not be revived by *scire facias;* nor shall any action of debt be instituted thereon after the expiration of seven years next after the date of such judgment." Hutch. Code, p. 830, 831. The probate court is a court of record, and it is not contended that the claim sought to be enforced is not a decree of that court; and as such comes within the meaning of the statute. It is true, that there was no administrator of the estate of Lee Byrd from April, 1844, until February, 1853; but the statute had commenced running previous to April, 1844; and the rule is, that when it once begins to run, it runs on, unless the party is restrained by some statute from pursuing his remedy. Want of administration on the estate, would not be sufficient to stop the running of the statute, because the court would at any time, upon the application of a person interested, have granted letters of administration.

The other grounds of demurrer we will not consider as well taken; but the one above noticed, being fatal to the petition, the decree of the court below must be affirmed.

Decree affirmed.