J. H. BAKER, Administrator of the estate of JAMES MONTGOMERY, deceased, Appellant, *v.* RUFUS BROWN, for the use of D. P. WELLS, Appellee.

### APPEAL FROM McDONOUGH.

A foreign record to be admitted in proof, as against an estate, should be authenticated as directed by the act of congress.

The fact, that the debtor and creditor both resided in the same, but another state, will not prevent the operation of the statute of limitations, under the statutes of 1849 and 1851.

The death of the debtor, does not arrest the running of the statute of limitations.

THE opinion of the court gives a statement of the case.

A. WHEAT, for Appellant.

J. S. BAILEY, for Appellee.

SKINNER, J. This was an appeal to the circuit court of McDonough county, from a judgment of the county court, allowing a claim against the estate of Montgomery, and in favor of Brown. Upon the trial, Brown offered, in evidence, a transcript of a judgment in favor of Brown and against Montgomery, rendered in the supreme court of the State of New York in 1829, attested by the clerk and the seal of the court of appeals of that state as an original record of the court, and annexed to which was the *form* of a certificate of the chief justice of said court, without *date* or *signature*. This transcript was objected to for want of sufficient authentication, and to avoid the objection, Brown proved that the parties appeared at the trial in the county court and made no objection to the transcript or evidence; whereupon the court overruled the objection. The ground upon which the circuit court admitted the transcript must have been, that the administrator by not availing himself of the objection at the first opportunity, had waived his right. It is true that dilatory objections generally are waived by appearance and trial without objection, but this is not of that character. The objection is to a document offered in evidence, for want of proof that it is what it purports to be, a transcript of the record of the court of another state. The cause was tried in the circuit court *de novo*, and Brown, to recover, was bound to prove his case anew. To do this he should have produced a transcript of the record authenticated by the attestation of the clerk, the seal of the court and the certificate of the judge, chief justice, or presiding magistrate of the court of which the judgment is a record,

in pursuance of the law of congress of 1790. Statutes of Ill. 1856, p. 1281.

Brown proved that he had resided in the State of New York until 1856, and that Montgomery resided there until his death in 1842. So far as the record shows, Brown's claim was presented for allowance, and allowed January, 1856, and the record fails to show when administration was first granted in this state. Baker, the administrator of Montgomery, set up in bar of the claim, the limitation law of 1849, and as this question is treated in argument as the main question before this court, we shall treat the case as though administration was first granted in this state in January, 1856. The statute provides that "all actions founded on any promissory note, bond, judgment, contract, or indebtedness executed, rendered, entered into, or accrued, beyond the limits of this state, shall be commenced within five years next after such recovery, or the cause of such action shall have accrued, and not after." This law is revived and declared operative from its passage by the limitation law of 1851 (Statutes of Ill. 1856, pp. 730, 731), so far as relates to the foundation of this action; there being no law prior to the act of 1849 barring actions on foreign judgments.

The fact that the debtor and creditor resided in New York cannot prevent the operation of the statute, for non-residents are not among the enumerated exceptions.

The period of limitation provided by the statute as regards this judgment, is admitted to have expired since the statute took effect; but it is insisted that Montgomery having died before then, the time limited by the statute, so far as regards this judgment, would not commence running until the issuing of letters of administration in this state; and that the cause of action within the meaning of the statute, could only arise when there should be an administrator in this state against whom legal proceedings could be instituted upon this judgment.

The general rule is, that limitation statutes do not commence running until the cause of action has accrued; until there is a right capable of being legally enforced; and this rule is consistent with reason and natural justice. *Murray* v. *East India Co.*, 5 B. & A. 204. A cause of action cannot be said to exist until the right is vested in some one. But the reason of the rule wholly fails where the party against whom the bar is interposed, and whose right continued without interruption or disability from the moment of its inception, during the existence of the right, had the legal means of enforcing it. *Demarest* v. *Wynkoop*, 3 Johns. Chan. R. 129 ; *Breckford* v. *Wade*, 17 Vesey's Chan. R.; *McQuer* v. *Ragan*, 2 Wheat. R. 25. Where some act is necessary and in the power of the party to entitle

him to sue, he must use reasonable diligence on his part or he will be barred by the statute. *Shelburne* v. *Robinson*, 3 Gil. R. 597. Under our law, the creditor, in case the widow or relatives of the intestate fail within sixty days after the death to take out administration, is entitled to administer upon the estate of his debtor ; and in case the intestate was a non-resident, or without a widow, relative, or creditor in this state, may compel administration by the public administrator of the proper county. Statutes of Ill. 1856, p. 1202.

Brown, then, had the legal ability of enforcing payment of his judgment and a lien upon the estate of his debtor with legal power of enforcement, though the remedy was changed by the death of his debtor. *The People* v. *White et al.*, 11 Ill. R. 350. By reasonable diligence Brown could have instituted legal proceedings in this state against the estate of Montgomery, within our jurisdiction, during the five years after the statute of 1849 took effect, and having failed to do so within such time and until 1856, he is clearly within the letter and spirit of the statute. Under our law, to prevent the bar of the statute after administration granted, he had but to file his claim in the county court for allowance. 11 Ill. R. 341. This is not like the case where no legal right has vested for want of a person in being to take the right. In such case the cause of action could not exist, and there could be no right or cause of action upon which the statute could operate. Here Brown from 1829, the time of the rendition of the judgment, until the death of Montgomery in 1842, could have sued the debtor upon this judgment, and from that time, under our law, until the bar of the statute was complete, could have, with trifling delay, instituted legal proceedings for the recovery of his debt out of the debtor's estate in this state. If the statute does not commence running until administration .actually granted in this state, no statutory bar exists in cases like the present, to the enforcement at remote periods of stale demands against the lands of which the debtor may die seized, though held by *bona fide* purchase under heirs or devisees of the deceased debtor. Such a conveyance is against the spirit and aim of this and all limitation laws, and would tend to render uncertain titles to a large amount of our real estate.

We are of opinion that the statute bars this proceeding, and it is, therefore, unnecessary to examine the remaining questions raised upon the record. Judgment reversed.

*Judgment reversed.*