JUDGE DUVALL
delivered the opinion oe the court.
These cases arise upon the same record, are in most respects similar, and will therefore be considered together.
Conceding that the weight of evidence- in regard to the right of property in the slaves in contest and the character of holding by Barrick Prather, deceased, favors the conclusion of the chancellor below — a point by no means clear, and for the present waived — still it does not follow that the judgments complained of by the several appellants can be sustained.
*689 The original bill for the recovery of the slaves was filed July 12, 1848. The complainant, Mrs. Deatly, made her will in the same month, and, as may be assumed from the record, died in the latter part of the summer or in the fall of 1850. The last order in the case prior to her death seems to have been made July 9, 1850. No other order was made or step taken from that time until March 30, 1855, when appellee, as administrator with the will annexed, appeared and filed his bill of revivor, notwithstanding he had qualified in September, 1850, nearly five years before the bill of revivor was filed.
Upon the bill of revivor of March, 1855, no process seems to have been issued.
On March 20, 1856, as we suppose, though the transcript before us has it 1860, an amended bill of revivor was filed, upon which process was issued and served upon the respective appellants during the months of March and April of 1856, as appears from the sheriff’s return.
To this amended bill of revivor the appellants appeared, and filed their answers.
Prather’s administrator set up and relied upon time and the statute of frauds and perjuries against the relief sought, as his intestate had done to the original action. He also, in like manner, denied specifically the material allegations of the bill, and presented several matters in defense.
Hull and Williams, who were purchasers of some of the slaves, also relied upon time and the statute of frauds, and adopted substantially the answer of their co-defendant. Prather’s administrator averred that they were purchasers for value, without notice of appellee’s claim, and denied that as to them there was a Us pendens.
Two questions arise upon this state of facts: 1. Whether the lapse of time since 1848 and up to the filing of the bill of revivor has not effectually barred the appellee from all relief against either of the appellants; and 2. If the pur *690 chasers, Hull and Williams, are not protected by time, whether they, having bought without notice of the suit, and parted with a valuable consideration for their slaves, can be treated as purchasers pendente lite.
It is the rule in this state, and so held by repeated adjudications of this court, that in regard to claims for personalty, when the statute of limitations begins to run in the lifetime of the claimant, it is not interrupted by his subsequent death; although if the cause of action did not accrue in his lifetime, it does not commence running until after administration on his estate; and moreover there is no saving in the statute by whioh the interval that elapses after the claimant’s death before administration upon his estate is excluded in the computation of the time necessary to complete the bar. (1 Bibb, 181; 2 Bibb, 537; 3 Monroe, 41; 13 B. Monroe, 409.)
In Baker v. Baker, 13 B. Monroe, 409, it is said, however, that where a suit has been commenced within the time limited, and that expires, and the suit abates by the death of the plaintiff, if the plaintiff begins another suit within a year after the abatement, he comes within the equity of the proviso in the statute allowing a new action to be brought in certain cases within a year after the expiration of the time.
Reference is made in that case to cases, decided by the United States courts, in which the principle is recognized, and also to Montgomery v. Caldwell, 4 Bibb, 306, in which it was said that when the plaintiff’s action abates by his death, it might be proper, although the time of limitation had elapsed, to allow the personal representative, under the equity of the statute, to maintain a new suit within the time named in the proviso.
In the case last mentioned, as well as in that of Baker v. Baker, it is, in effect, decided that where a suit has been brought and abates by the death of the plaintiff, and is afterward within a reasonable time revived by his representative, it *691 will be regarded as coming within the proviso of the statute, and as an action pending from the time the original proceeding was commenced; but that to be within a reasonable time such revivor must be within a year after the abatement. The reason for limiting it to that period of time is that the proviso expressly confines the right to maintain new actions in the cases enumerated therein to one year, and forbids such actions afterward. (2 Digest Statutes, 1137.) And, as will be seen by reference to the cases supra, it is only by analogy that any cases whatever, except those mentioned in the proviso, are brought within its operation.
The same rule is, in effect, prescribed by the Civil Code, section 570, which declares that “an order to revive an action in the names of the representatives or successor of the plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made; except that where the defendant shall also have died, or his powers have ceased in the mean time, the order of revivor on both sides may be made in the period limited in the last section.
In view of these rules, so well established, it seems impossible to escape the conclusion that the appellee’s right to the slaves is barred by time.
The statute began to run in 1848, before the original suit was commenced. The death of the plaintiff in 1850 had the effect to abate that action; so that five years’ adverse possession in the appellants was completed in 1853; and when the revivor was attempted in March, 1855, they had had near seven years’ adverse possession; and up to March, 1856, when process issued, nearly eight years.
It can not be said that an order of abatement was necessary to discontinue the original action in 1850. The legal effect of the death of the plaintiff was an abatement. The usual practice is not to have an order of abatement entered, but to *692 let the case remain upon the docket for revivor within a reasonable time, and if no steps are taken to revive within such time it is stricken from the docket. The very term revivor implies a previous abatement by the death of one or the other 'of the parties. Nor can it be said that the supposed disability of the devisees of the testatrix, Mrs. Deatly, furnishes any obstacle to the running of the statute. The right of action vested in the administrator, who qualified in 1850, and he could have revived within the year after the administration was granted.
We can perceive no substantial reason for exempting this case from the operation of the rule mentioned. If the administrator, by filing his bill of revivor within four or five years after the abatement of the original action and his appointment as administrator, can prevent the running of the statute, why he could not accomplish the same thing at any time within twenty years is not easily perceived. If this is tolerated, then the death of a plaintiff who has commenced his action in his lifetime would, contrary to the rule we have mentioned, prevent the statute from running at all, and subject titles to personal property to a precarious tenure — one of the very things which the statute was intended to prevent.
If this view be correct, there was in 1854, when Williams and Hull bought the slaves they claim, no lis pendens whereby they could be affected; and what has been said touching the effect of the failure to revive within a reasonable time after the death of the original plaintiff furnishes a solution to the second question arising upon the state of fact presented.
It seems to this court, for the reasons stated, that all the appellants were protected by the statute of limitations, and that the circuit court erred in not dismissing the bill and amended bills and bills of revivor of the appellee.
Wherefore the judgment is reversed, and the cause remanded with directions to dismiss appellee’s said bills.