JAMES IRWIN, Adm'r, v. JESSE GARRETSON.

The statute of limitations may be pleaded against a set-off.

If a cause of action, which has been pleaded as a set-off, accrued in the lifetime of the plaintiff's intestate, the running of the statute of limitations was not interrupted by the death of the intestate against whom the action accrued.

If the facts constituting a bar by the statute of limitations appear on the face of the pleading, it may be taken advantage of, either by a general demurrer or by an answer setting up the statute; but if not met by one or the other, the defense of the statute is waived.

This suit was brought upon a promissory note made by the defendant. The note was for one thousand dollars, as follows:

"$1,000.                    CINCINNATI, *January* 1, 1864.

"One year after date, I promise to pay to the order of Catherine Seybold one thousand dollars, for value received, with eight per cent. per annum interest from date.

(Signed,)        "JESSE GARRETSON."

*Indorsed:* "Received, February 22, 1867, on the within note, $500."        (Signed,)        J. F. IRWIN, *Adm'r.*"

This note is one of several, the others and the half of this having been paid. The defendant, by his answer, filed in April, 1871, claimed a set-off of moneys advanced by him in and prior to 1864, and of commissions on remittances by him of money of the estate to Mrs. Seybold, all prior to 1864, and in the lifetime of Mrs. Seybold, amounting, in the aggregate, to $1,673.64, and demands a judgment for the balance after paying the note.

The plaintiff denies that the defendant acted as the agent of Mrs. Seybold in the collection of rents, or that she was the owner of any real estate in Cincinnati, and avers that the defendant, as statutory guardian of the estate of Elias F. and Emma O. Seybold, minor children of Emanuel and Catherine Seybold, collected certain rents and handled cer-

tain moneys for said minors, for which he has been fully paid; and that if he had not been compensated for services rendered as guardian of the children, the probate court is the proper tribunal for making the proper allowance in the settlement of the guardian's account.

The plaintiff also says that the cause of action stated in the cross-petition did not accrue within six years.

The cause of action presented by the defendant arose in 1863, in the lifetime of Mrs. Seybold, who died in July, 1864. The statute of limitations, therefore, commenced running against the claim before her death. It is claimed, by counsel for the defendant, that the statute stopped running on the death of Mrs. Seybold, and did not commence running again until eighteen months after administration granted on her estate.

*Wm. Tilden* and *H. J. Harrop*, for plaintiff.

*Judge Coffin*, for defendant.

TAFT, J. I can not find any authority for holding that the statute ceased to run on the death of Mrs. Seybold. I do not find any decision in Ohio which has overruled or impaired the authority of *Granger* v. *Granger*, 6 Ohio, 35, where it was held, both that the statute of limitations was available against a set-off, and that when the statute had commenced to run, the death of the debtor did not prevent its continuing to run. This is according to the approved construction of the laws for the limitation of actions in England and America, unless there be some express exception in the statute itself by which its running is to be interrupted after it has once commenced. The death of the debtor is not made an exception by our statute. In *Sherman* v. *Western, etc., Co.*, 24 Iowa, 515, it was held, that when the statute begins to run it will not stop unless the statute expressly provides that it shall stop.

It is also held, in *Patterson* v. *Hansel*, 4 Bush, 654, that if the statute has commenced to run in the lifetime of the

ancestor it will continue to run against the infant heirs. And in the very recent case of *Hull* v. *Delty*, 7 Bush (Ky.), 690, it is said, " It is the rule in this State, and so held by repeated adjudications of this court, that in regard to claims for personalty, when the statute of limitations begins to run in the lifetime of the claimant it is not interrupted by his subsequent death."

The rule is the same in regard to the debtor, as is stated in Angell on Limitations, p. 57, where it is laid down " that if the statute has once began to run in the lifetime of the testator or intestate, it does not cease running during the period which may elapse between his death and the time at which a personal representative is constituted and duly qualified." It was so expressly held at law, in England, in *Rhodes* v. *Smethurst*, 4 Mees & Welsb. 42; and in equity, in *Freake* v. *Cranefeldt*, 3 Mylne & Craig Ch. R. 455. The chancellor said in the latter case, " that it would be absurd to hold, that, if the debtor died only one day before the six years were out, the creditor was to have another period of six years within which to enforce his demand." *Nicks* v. *Martindale*, 1 Harper, 135, and *Beauchamp* v. *Mudd*, 2 Bibb, 537, are to the same effect.

The case of *Rhodes* v. *Smethurst*, 4 M. & W. 57, is a leading case in which the barons gave opinions *seriatim*, and the case was afterward affirmed in Exchequer Chamber, 6 M. & W. 351, where it was again fully considered and decided. *Johnson, Adm'r*, v. *Wren*, 3 Stewart, 173, 180; *Bunce* v. *Wolcott*, 2 Conn. 27; *Demarest* v. *Wynkoop*, 3 J. Ch. R. 129; *Jackson* v. *Wheat*, 18 J. R. 40; *Jackson* v. *Johnson*, 5 Cowen, 74, 93; 4 Taunt. 826.

I am satisfied that the claim which is pleaded as a set-off by the defendant, is barred by the limit of six years in the general statute of limitations. The fact that in 1867, when he made the last payment, the defendant informed the administrator that he had a claim against the estate, did not stop the running of the statute. The first legal step he took to enforce his claim was

April 14, 1871, when he filed his answer. So that nearly eight years had elapsed since the action must have accrued on the claim he seeks to have set off; and more than six years had elapsed before the petition was filed by the plaintiff in this case, which was January 15, 1870.

It is asked, "Why may not the claim of Garretson be treated as a payment of the note, as of the date when the commissions accrued?" That question is answered in the present case, by the fact that the note was made after the commissions accrued, and if they were intended to be payment, should have been deducted. They could not be treated as payment on the note, as of the date when the commissions accrued, because the note had no existence.

But if this claim of the defendant were not barred by the general statute of limitations, and the facts had been pleaded, as proved, I think it would have been barred by the four years' limitation, in the act regulating executors and administrators, 1 S. & C., sec. 101, pp. 585, 586, which provides that "no executor or administrator, after having given notice of his appointment, as provided in the 81st section of this act, shall be held to answer to the suit of any creditor of the deceased, unless it be commenced within *four years* from the time of his giving bond, as aforesaid."

It appears from the evidence and the admission of the parties, that the four years' limitation would have expired and did expire in 1868, two years before the commencement of this suit, and nearly three years before this claim was set up by way of answer in this case, which is the only presentment of it ever made to the administrator.

But I place my decision upon the general six years' limitation, because the four years' limitation, under the administration act, has not been pleaded. I do not, however, intend to decide the question whether the four years' statute can be available to the plaintiff upon the evidence, without an averment in the replications setting up that

statute. These statutes are regarded with more favor than formerly.

In the case of *Kelly* v. *Wiseman's Ex'rs*, 2 Dis. 418, it was held, upon the reasoning of the Supreme Court in *Hill* v. *Henry*, 17 Ohio, 11, that "the judge, before whom the case is tried, may take notice of the lapse of time, without plea, or after pleas should be filed."

But in *Sturges* v. *Burton*, 8 Ohio St. 219, it was decided that the objection of the statute of limitations is available on a demurrer to a petition, which shows upon its face that the claim is barred. But if the defendant neither demurs nor answers, setting up the statute, that defense is waived. The same doctrine is approved in 18 Ohio St. 67.

I place my opinion, therefore, on the general statute, and find for the plaintiff the amount of the $500 and interest. But the interest must be cast at six per cent., although the note provides for eight per cent. The law, at its date, January, 1864, did not allow contracts for more than six per cent.

The eight per cent. act was passed in 1869, and the ten per cent. act was repealed in 1859. The judgment will include six per cent. simple interest.