Sambs, Administratrix, vs. Stein and another.

*November 22 — December 13, 1881.*

Appeal to Supreme Court. *(1) Time limited for appealing from judgment. (2) How affected by delay in appointing administrator of deceased judgment plaintiff. (3) Remedy of judgment defendant.*

1. The two years limited for an appeal from a judgment (sec. 3039, R. S.), commence when the judgment is entered of record and perfected by the insertion therein of the costs taxed.
2. Where the two years thus limited have commenced to run, the subsequent death of the judgment plaintiff, and the non-appointment of any per-

sonal representative until after the two years have expired, will not en-
title the judgment defendants to appeal after such appointment is made,
either under general principles of law, or under sec. 4234, R. S.

3. *It seems* that, under sec. 3806, R. S., on the death of a judgment plaint-
iff intestate, an administrator may be appointed on the application of
the judgment defendant; and then, on the application of the same,
under sec. 2811, the administrator may be compelled to revive the judg-
ment.

APPEAL from the Circuit Court for *Waupaca* County.

The defendants appealed from a judgment in favor of the
plaintiff. The respondent moved to dismiss the appeal, on
grounds which will sufficiently appear from the opinion.

*E. L. Browne,* for the motion.

For the appellant there was a brief by *Myron Reed,* and
oral argument by *J. C. Gregory.*

CASSODAY, J. With certain exceptions, to be noted, the time
within which a writ of error may be issued or an appeal taken
to obtain a review by the supreme court of any judgment in
any civil action or special proceeding, in a court of record, is
limited to two years from the date of the entry of such judg-
ment. Section 3039, R. S. That provision was in force when
the judgment in question was entered. Section 9, ch. 264,
Laws of 1860. Here the judgment was entered of record and
fully perfected by the taxation of costs and their insertion in
the judgment, July 15, 1878. The time for appealing from
the judgment, therefore, commenced running at that date, and
after it had run about one month, Charles Sambs, in whose
favor the judgment was rendered, died. No personal repre-
sentative was appointed until July 19, 1880, more than two
years after the judgment was entered and perfected, when the
widow was appointed administratrix. Prior to that time, ap-
peal papers had been served; but this court held, in Octo-
ber, 1880, that it had no jurisdiction, because no substitution
had yet been made. January 28, 1881, the trial court ordered
the action to be continued in the name of the administratrix,

and June 7, 1881, the defendants served notice of appeal and an undertaking. Upon this record the respondent moves to dismiss the second appeal on the ground that the time limited by the statute for taking the appeal had expired nearly a year prior to the service of the notice and undertaking. In resisting the motion it is urged that the death of the plaintiff in whose favor the judgment was rendered, stopped the running of the time, and that the time did not again begin to run until the administratrix had been appointed and an order made continuing the action in her name, which was thereby substituted for the name of the deceased. In other words, it is contended that the time during which the defendants were precluded from taking an appeal by reason of the non-existence of any "adverse party" upon whom to serve the notice of appeal, as required by section 3049, R. S., should not be counted as any part of the two years. Is this contention correct? Did the death of the judgment plaintiff thus stop the running of the statute?

It was held by the court of King's Bench, as early as 1746, that "if the plaintiff be in England at the time the cause of action accrues, the time of limitation begins to run, so that if he or (if he dies abroad) his executor or administrator do not sue within six years, they are barred by the statute." *Smith v. Hill,* 1 Wilson, 134. In *Doe v. Jones,* 4 Durnf. & East, 300, it was held, by the same court, that "when once the five years allowed . . . begin, the time continues to run, notwithstanding any subsequent disability." In that case Lord KENYON, C. J., seemed to be surprised that any one ever doubted the rule as stated. Page 310. See *Stowel v. Zouch,* 1 Plowden, 353; *Freake v. Cranefeldt,* 3 M. & C., 499; *Rhodes v. Smethurst,* 4 M. & W., 42; *S. C.,* affirmed by the Queen's Bench, 6 M. & W., 351. In the last case cited the intervening disability was death, and Lord DENMAN, C. J., indorsed the observation of Lord KENYON, and repudiated the "argument that no laches can be imputed to the plaintiff for

not suing during that portion of time during which there was no person whom he could sue, and therefore that period of time ought to be excluded from the calculation by an equitable extension of the terms of the act.". Page 355. His reason for rejecting that argument is, that the act did not have "for its object the remedying of some inconvenience under which plaintiffs suffered," but that "it was passed for the benefit of defendants, to exempt them from being called to account in respect to transactions long gone by," and hence he refused to adopt a construction by which "the time of limitation might be indefinitely prolonged." To the same effect are *Penny v. Brice*, 114 E. C. L., 392; *Daniel v. Day*, 51 Ala., 431; *Pipkin v. Hewlett*, 17 Ala., 291; *M'Collough v. Speed*, 3 McCord, 455; *Bugg v. Summer*, 1 McMullen, 333; *Baker v. Baker*, 13 B. Mon., 406; *Hull v. Deatly*, 7 Bush, 687; *Young v. Mackall*, 4 Md., 362; *Stewart v. Spedden*, 5 Md., 434; *Brown v. Merrick*, 16 Ark., 612; *Baker v. Brown*, 18 Ill., 91; *DeKay v. Darrah*, 14 N. J. L., 288; *Conant v. Hitt*, 12 Vt., 285; *Hapgood v. Southgate*, 21 Vt., 584; *Sanford v. Sanford*, 62 N. Y., 553; *Tynan v. Walker*, 35 Cal., 634; *Byrd v. Byrd*, 28 Miss., 144; *Hagman v. Keally*, 3 Cranch C. C., 325. In several of these adjudications a distinction is made between cases where the cause of action accrued prior to the death, and cases where it did not. In the former class of cases it is held that, as the statute commenced running before the death, it is not interrupted by the death, unless excepted by the provisions of the statute itself. In the latter class of cases it is held that, as the cause of action did not accrue prior to the death, it cannot in law be regarded as having accrued after the death, until parties are in being, capable of suing and being sued.

It is true, the cases cited arose under general statutes of limitation, but the reasons given are equally applicable to the two years' limitation in question. We are therefore to inquire whether there is any provision of the statute saving and ex-

cepting a case like this from the statutory bar above referred to? Section 3039, R. S., only excepts persons who are "either under the age of twenty-one years, or insane, or imprisoned on any criminal sentence for less than for life."

We are referred by counsel to the last clause of section 4234, R. S., which provides that, "if a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced after the expiration of that time, and within one year after the issuing, within this state, of letters testamentary or of administration." To bring the case within this provision, it is urged that the defendants had the right, under section 3039, to have a writ of error issued upon the judgment within two years from the date of its entry, and that, as a writ of error is in the nature of a suit or action, and as the plaintiff in the judgment, and against whom it might have been issued, died before the expiration of the time limited for issuing the same, and as the grounds for issuing the writ survived, the same might have been issued after the expiration of the two years, and within one year after the letters of administration were granted to the present plaintiff; and that, as the appeal taken is the same in effect as a writ of error would have been, therefore the defendants had an equal right to take the appeal within the same period.

The argument is plausible, and, to secure a hearing upon the merits, we should take pleasure in adopting it, if we could do so without violating well-established rules of construction; for, to use the language of DENMAN, C. J., in the case above referred to, there are cases where "judges will expound a case within the mischief and cause of an act to be within the statute by equity, if it be not within the words." But here we are clearly of the opinion that section 4234, R. S., was never intended to regulate the time for taking appeals, and hence, to declare it applicable would be to supply by "judicial legislation" what the legislature have obviously, and hence it must

be deemed intentionally, omitted.   Such a stretch of the statute might, in this particular case, operate justly between the parties, but it would be reprehensible if not vicious in the court. We are referred to no other provision of the statute which can be construed as saving the case from the bar of the statute, and we are unable to find any ourselves, although the propriety of having such a statute is obvious.   Besides, it would seem that under section 3806, R. S., an administrator might have been appointed on the application of the defendants, and then, upon their application, the administrator might have been compelled to revive the judgment under section 2811, R. S.

For the reasons given we are forced to dismiss the appeal.

*By the Court.*— Appeal dismissed.