6   509
98  272
6   509
99  104
6     509
54 LRA 763n

LYNDSAY WARD, Appellant,

*vs.*

RALPH CLARK, Appellee.

APPEAL IN EQUITY FROM THE MILWAUKEE CIRCUIT COURT.

The purchaser at a foreclosure sale, ordered by a court of chancery, thereby becomes a *quasi* party to the suit, and when he submits himself to the jurisdiction and asks confirmation, he is to that extent, a party to the proceeding.

The advertisement and sale of mortgaged premises are but the process of execution of the decree, and those who come in and purchase under it, are entitled to the protection of the court.

It is not competent for a person who is a mere stranger to the record, and not in any sense a party to the suit, to appear therein and make a motion.

This is an appeal from an order of the circuit court of Milwaukee county, by Lyndsay Ward, who was purchaser of mortgaged premises, at a sale under final decree of foreclosure, in a suit where John A. C. Gray was complainant, and Henry A. Hayden and Virginia Hayden were defendants. The final decree was entered August 16th, 1855, for $238,23, besides costs : the premises were regularly advertised pursuant to the decree, and sold on the 13th of October, to the appellant for the sum of $3,400. After paying the decree and costs, the balance of money was brought into court, and on the same day, order of confirmation.

On the 24th of October, Ralph Clark, the appellee, filed a petition, setting forth in substance that he had good title to the mortgaged premises, and praying leave to file a bill in the nature of a bill of review, for the purpose of having the decree reviewed and set aside. No action was had on this petition.

Nov. 3d. Ralph Clark filed a motion to vacate the order of confirmation and to set aside the sale, which was resisted by

the appellant, and on the 29th of December came on to be heard upon various affidavits, which tended strongly to show that the mortgage or decree in favor of Gray had been fully paid previous to the sale of the mortgaged premises. Counter affidavits were also read in resistance of the motion tending to disprove such payment; but the merits of the case do not seem to have been considered, as disclosed by the evidence thus submitted, and the matter of the appeal was disposed of upon other grounds set forth in the opinion.

On the argument of the cause, the counsel for the appellant raised the point that Clark had no rights on the motion, not being a party to the suit; that he had no *status* in court, and that his only remedy was by original bill.

*Emmons and Van Dyke*, for the appellant.

*Butler and Buttrick*, for the appellee.

*By the Court*, SMITH, J. There is one question raised in the argument of this cause, which lies at the foundation of the rights of the respective parties, so far as this proceeding is concerned; and that is in regard to the *status* of the *appellee*, (Clark) in court. If he has no right to contest the claims of the purchaser (Ward) in this form, then the other questions presented by the evidence are not required to be discussed or decided, because they are not presented to the court in the proper form for adjudication. We shall therefore direct our attention to this first stage of inquiry as to the right of Clark to present his claims and interests for adjudication, in the form which he has adopted.

The purchaser at a sale ordered by a court of chancery, thereby becomes a *quasi* party to the suit; and when he thus submits himself to the jurisdiction, and asks confirmation, he is to that extent a party to the proceedings. The advertisement of a sale of the mortgaged premises, is but the

process of execution of the decree of the court, and those who come in and purchase under such process become subjects of such process of the court and entitled to its protection, as much so, as though they had been served with actual process issued out of and under the seal of the court in any stage of its proceedings.

But there is an obvious distinction between the position of a purchaser who comes in under the process of advertisement of sale and a decree of foreclosure, and that of persons incidentally interested in the estate, not made parties, and who seek to become parties after final decree, by mere motion.

Let us now examine the position of the parties before the court.

On the 16th day of August, 1855, a final decree of foreclosure and sale of the mortgaged premises was rendered for the sum of $238.23 besides costs, in a cause wherein John A. C. Gray was complainant, and Henry A. Hayden and Virginia Hayden were defendants. The premises were regularly advertised pursuant to the decretal order of the court, and on the 13th day of October were sold to the appellant, Lindsay Ward, for the sum of $3,400.

Up to this time no interest is disclosed in Clark, the appellee. He is in no sense a party to the suit, but an entire stranger to the record and proceedings.

But on the 24th day of October, Ralph Clark, the appellee, comes into the court below with a petition setting forth substantially that he had a good title to the premises, and prayed leave to file a bill in the nature of a bill of review.

No action seems to have been had upon this petition, nor any reasons appear why the same was abandoned.

On the 3d day of November following, Clark filed a motion to vacate the order of confirmation, and set aside the sale, founded upon affidavit setting forth his title and attempting to impeach the title of the complainant.

The motion made in this case is equivalent to a suit in equity to determine the conflicting claims of the appellee and others to the premises sold, and we are satisfied as well from

reason as from authority that the rights and interests of the parties cannot be determined in this manner. Motions of this kind are usually determined upon affidavits, taken *ex-parte*, the parties interested themselves being witnesses, *pro re nata* summarily, without pleadings, without an issue, without a formal trial, and must necessarily be limited to the adjustment of the various interests of the parties to the suit, as they are from time to time affected by the current proceedings. It must be apparent to every one that this is an improper and altogether inadequate mode to try titles to estates in land. Where all the facts appear upon the bill and answer and testimony, and all parties interested are before the court, and there is nothing to dispute but the law applicable to the facts, the question may well be decided upon motion of any of the parties interested.

But when a person, not a party to the suit, is interested in the subject matter, or to be affected by the proceedings, he must make himself a party in some way by petition, or by supplemental bill for the investigation and protection of his rights. *Foster* vs. ————, 6 Mad. Rep., 59 ; *Belbee* vs. *Belbee*, 6 Mad. Rep., 28 ; 1 Hoff. Ch. Pr., 420 ; *Bozon* vs. *Bolland*, 1 Russ. and Myl., 69 ; 4 Cond. Eng. Ch. R., 327.

From these cases it appears that it is not competent for a person who is a stranger to the record, and not in any sense a party to the suit, to appear therein and make a motion. He must procure a *status* in court, by petition or bill, as the nature of the case may require, and then he may proceed as his interests and the practice of the court may allow.

We have already said that purchasers at sales under a decree of the court become *quasi* parties from thence onward. We have carefully examined all the cases cited by the counsel for the appellee, but have not been able to find any authority by which the motion in this case can be entertained. They have reference to purchasers, to judgment creditors having an interest in the distribution of the proceeds of sales and the like.

Had the appellee been a party to the suit, he could and would have set up his claim therein, or he would have been

barred by the decree. In *Brown vs. Frost*, 10 Paige, 243, it was held that a party to a foreclosure suit cannot file an original bill to set aside a master's sale, when relief could have been obtained on motion. But the appellee was not a party, and hence could not apply for relief in that way.

It is indeed said in loose, general terms, that until confirmation, any person interested in the sale is in a situation to make summary application for a re-sale, if there is any just ground for such application. But it will be found that these remarks were not to be understood in their broadest sense, reference being made to the context. They were intended to apply to the parties litigant before and within the jurisdiction of the court.

On the whole, after a full examination of the authorities, we are satisfied that the appellee has mistaken his remedy ; and we therefore refrain from any remarks upon the equities of the parties, as disclosed by this appeal, because they cannot be here determined.

The motion of the appellee was wrongly entertained by the court below.

The order must be reversed with costs and the cause remanded for further proceedings.