Rogers vs. Shove and wife.

━━━━━━
━━━━━━

ROGERS, Respondent, vs. SHOVE and wife, Appellants: SCHUETTE and another, Interveners.

*December 14, 1897 — January 11, 1898.*

*Appeal: Notice: Adverse parties.*

On appeal by a mortgagor from an order confirming a sheriff's report of sale on foreclosure, the purchaser is the principal adverse party, and must be served with the notice of appeal, under sec. 3049, R. S.

APPEAL from a judgment of the circuit court for Manitowoc county: N. S. GILSON, Circuit Judge. The interveners moved to dismiss the appeal. *Motion granted.*

*J. S. Anderson,* for the motion.

[No appearance for the appellants.]

PER CURIAM. This is a motion to dismiss an appeal from an order confirming a sheriff's report of sale in foreclosure.

Rogers vs. Shove and wife.

The appeal was taken by the defendants *Shove*, the mortgagors, by serving the notice of appeal and bond upon the plaintiff in the action, only, and not upon the defendants *Schuette*, who were the purchasers upon the sale, and who appeared by attorney in the court below upon the motion to confirm the report. This motion is made by the purchasers at the foreclosure sale, on the ground that the appeal papers should also have been served upon them or their attorney.

The point is unquestionably well taken. The purchaser of real estate at foreclosure sale becomes a *quasi* party to the action, so far as the proceedings to confirm the sale are concerned, and may appeal from orders affecting his right to such confirmation. *Ward v. Clark*, 6 Wis. 509; *Kneeland v. Am. L. & T. Co.* 136 U. S. 89. Upon all motions affecting that right, he is undoubtedly "the adverse party;" and, if he has the right to appeal from orders denying confirmation, the converse naturally follows, namely, that he is entitled to service of the notice of appeal from the order of confirmation when such appeal is taken by other parties. The statute provides that an appeal is to be taken by serving the notice of appeal "on the adverse party," and on the clerk of the court. R. S. sec. 3049. In case of such an appeal as the one before us, the purchaser is unquestionably the principal "adverse party," and must be served with the notice. *Barnes v. Stoughton*, 6 Hun, 254.

Appeal dismissed.