CROWNS, Respondent, vs. FOREST LAND COMPANY, Appellant.

*March 5 — March 22, 1898.*

*Foreclosure of mortgage: Notice of appeal: Adverse party, who is: Pleading same facts in abatement and in bar: Frivolous pleading.*

1. The "adverse party," upon whom notice of appeal is to be served in a foreclosure case, is one who has an interest adverse to the reversal of the matter appealed from. The purchaser at the foreclosure sale, whose title has become absolute by confirmation of the sale, if a stranger to the record, has no such adverse interest and is not an "adverse party" within the meaning of sec. 3049, R. S. 1878.
2. Were such purchaser to be deemed an adverse party, the fact that the motion to dismiss the appeal because notice was not served on such purchaser was made by a party to the record on his own account and not on behalf of the purchaser, would be sufficient reason for denying the motion.
3. If a defendant pleads the same matter both in abatement and in bar of the action, the latter plea overrides the former.
4. An answer in a foreclosure action which alleges that, as between the nominal mortgagee, in whose name the action is brought, and the real party in interest, there was no consideration for the note and mortgage, presents no issuable facts, and may properly be stricken out as frivolous.
5. So, also, an answer alleging that the note and mortgage in suit were taken in the name of the plaintiff for the purpose of enabling the real owner to evade taxation on account thereof, presents no ground for a discharge of the mortgagor from his just debt.

APPEALS from judgments of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

Action to foreclose a mortgage. The answer sets up a plea in abatement to the effect that the action was not brought in the name of the real party in interest; that plaintiff had no interest in the mortgage; and that Otto D. Bjorkquist was the real party in interest. Substantially the same facts are set up by way of defense. There is also a further defense that the mortgage was given for land purchased by defendant from Otto D. Bjorkquist, and that the

same was taken in the name of plaintiff for the unlawful purpose of covering and concealing the same from the assessors to escape taxation. On motion the answer was stricken out as frivolous, and judgment was entered for plaintiff. Afterwards, and in due time, the property was sold to one Otto D. Bjorkquist, the sale confirmed, and a judgment for deficiency was entered against the defendant. The defendant appeals from both the judgment of foreclosure and the judgment for deficiency. Upon its appearance in this court, the respondent moved to dismiss both appeals on the ground that the notices of appeal and undertakings had not been served upon Otto D. Bjorkquist, the purchaser at the foreclosure sale. Both appeals and motions will be disposed of in one opinion.

For the appellant there was a brief by *Nath. Pereles & Sons*, and oral argument by *C. F. Hunter*. They argued, among other things, that the objection that the plaintiff is not the real party in interest was properly taken by plea in abatement. *Dutcher v. Dutcher*, 39 Wis. 651; *Plath v. Braunsdorff*, 40 id. 107–110; *Robbins v. Deverill*, 20 id. 142, 148; R. S. 1878, secs. 2605, 2607. In Nevada a mortgage taken in the name of a non-resident to evade taxation is held void. *Drexler v. Tyrrell*, 15 Nev. 114.

For the respondent there was a brief by *Turner, Bloodgood & Kemper*, and oral argument by *W. J. Turner*.

BARDEEN, J. First, as to the motions to dismiss the appeals. It is true that a purchaser at a foreclosure sale becomes a *quasi* party to the suit, as was held in *Ward v. Clark*, 6 Wis. 509. It is also true that the purchaser at such sale was held to be an "adverse party," within sec. 3049, R. S. 1878, so as to require the service of a notice of an appeal from the order confirming the sale, as laid down in *Rogers v. Shove*, 98 Wis. 271. But after the sale has been confirmed the right of the purchaser, if a stranger to the rec-

ord, becomes absolute, and his title will not be disturbed upon a reversal of the judgment. *Jesup v. City Bank*, 15 Wis. 604; *Corwith v. State Bank*, 18 Wis. 560; Rorer, Judicial Sales, § 576. The " adverse party " mentioned in the statute is one who has an interest adverse to the reversal of the matter appealed from. When the interest of the purchaser at the foreclosure sale has so ripened into title that subsequent proceedings in the case cannot affect his rights, then he is in no sense the " adverse party " contemplated by the statute.

But, should it be thought otherwise, the fact of the motion to dismiss the appeals having been made by respondent on his own behalf, and not on behalf of the purchaser at the foreclosure sale, would be sufficient reason for denying the motion. The purchaser being a *quasi* party to the suit, any proceeding in the case that would affect his interests, made without notice to him, cannot work prejudice to his rights. The respondent is in no sense a guardian of his interests, and cannot take advantage of the failure of appellant to advise the purchaser of subsequent proceedings in the case, if a notice, such as is mentioned, should be deemed essential.

Discussing the appeals on their merits, it seems quite clear that the ruling of the court in striking out the answer as frivolous was a very proper exercise of judicial power. The appellant having pleaded the same matter both in abatement and in bar of the action, by every analogy of practice the latter overrides the former. *Hooker v. Greene*, 50 Wis. 271.

That portion of the answer which alleges that respondent gave no consideration for the note and mortgage presents no issuable fact. It tends in no way to defeat the action. It is a matter of no moment to appellant whether any consideration was paid for the note and mortgage or not.

Under subsequent allegations in the answer, it appears that respondent became vested with and held the legal own-

ership of the demand sued upon. The appellant had no legal interest to inquire whether the respondent's interest was actual or colorable, or whether a consideration was paid therefor or not. *Sheridan v. New York*, 68 N. Y. 30. The rights of third parties not having intervened, payment of the note and mortgage to the appellant would have protected the mortgagor against all the world.

*Drexler v. Tyrrell*, 15 Nev. 114, was cited to support that portion of the answer wherein it is alleged that the note and mortgage were taken in the name of *Crowns*, for the purpose of concealing the same from the assessor, and thus escaping taxation. It is unnecessary to discuss this case. It is based upon the peculiar revenue laws of that state, which are referred to in the opinion, and has never been recognized as authority outside of its boundaries, so far as we have been able to discover. On the contrary, it has been severely and justly criticised in other jurisdictions, and is regarded as wrong in principle. Jones, Mortgages, § 619. It is not charged that the note and mortgage in suit were, in themselves, illegal or contravened the policy of the law. The contract between the parties was one they were not prohibited in making, and, so far as anything appears in the answer, the mortgagor received full and complete consideration for it. The only taint in the transaction is the alleged violation of the revenue laws. The law of this state provides that taxes shall be levied upon all the property in this state except such as is exempt. R. S. 1878, sec. 1034. Personal property shall be construed to mean and include, among other things, all debts due from solvent debtors, whether on account, note, contract, bond, mortgage, or other security, or whether such debts are due or to become due. Id. sec. 1036. The taxpayer may be examined under oath, and, if he makes a false statement of his property, he is subject to a penalty of ten dollars on every hundred dollars withheld from the knowledge of the assessor. Id. sec. 1056;

S. & B. Ann. Stats. sec. 1056a. When the revenue laws provide ample punishment for the evasion by taxpayers of their just dues, it would seem a monstrous injustice to permit a mortgagor to defeat the payment of his debt by bringing any such issue into a suit brought to foreclose his mortgage. The alleged turpitude of the mortgagee furnishes no ground for a discharge of the mortgagor from the payment of his just debt.

Thus it will be seen that, under any aspect, the answer of the appellant was "as a bowing wall or a tottering fence," and the ruling of the trial court in striking the same out was proper. No objection is urged to the judgment for deficiency that was not urged to the foreclosure judgment.

*By the Court.*— The motions to dismiss the appeals are denied, and the judgments of the superior court of Milwaukee county on both appeals are affirmed.