Griswold vs. Barden and others, Respondents: Needles, Appellant.

*March 14—April 5, 1911.*

*Appealable orders: Mortgages: Foreclosure: Sale: Inadequacy of price: Resale, when ordered: Discretion.*

1. An order confirming or refusing to confirm a foreclosure sale is a final order affecting a substantial right, made "upon a summary application in an action after judgment" (subd. 2, sec. 3069, Stats. 1898), and hence is appealable.
2. Mere inadequacy of price is not a sufficient ground for ordering a resale on foreclosure when no other cause exists; but if the failure to obtain a fair and adequate price was due in whole or

in part to mistake, misapprehension, or inadvertence of interested parties or intending bidders, even though there was no fraud, the court may in its discretion refuse to confirm the sale and order another, taking care at the same time to safeguard the rights of a *bona fide* purchaser.

APPEAL from an order of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge.   *Dismissed.*

This is an appeal by the purchaser of real estate at a foreclosure sale from an order confirming the sheriff's report of sale upon condition only that the defendants do not within twenty days either (1) pay the purchaser the amount of his bid, viz. $2,200, with legal interest from the day of sale, or (2) failing such redemption, furnish a sufficient bond that in case there be a resale and the premises do not sell for $2,200 above all expenses the defendants will make good to the purchaser the deficiency and all expenses of resale, and, in case such redemption be made or such bond furnished, vacating the sale and ordering a resale.

This order was based upon affidavits filed in opposition to the motion to confirm the sale tending to show that the premises sold were worth nearly or quite $4,000, and that neither the defendant *L. W. Barden,* an aged man who lived upon the premises, nor his son, *M. W. Barden,* who owned the premises in fee subject to the rights of his father therein during his life, had actual notice or knowledge of the sale, and that there is strong probability that a considerable increase of price can be obtained upon a resale.   No fraud was claimed or found, but the court found that the sale was for an inadequate price and that the lands "are worth a sum greatly in excess of the amount for which the same were sold, and that a resale of said lands would under the circumstances be for the best interests of the said defendants and be warranted."

For the appellant there was a brief by *Mahoney, Ryan & Kelm,* and oral argument by *E. H. Ryan.*

*Henry A. Gunderson,* for the respondents.

WINSLOW, C. J.    Two preliminary questions are raised: *first,* Is the order appealable? and, *second,* Is the record properly certified?    The first question must be answered in the affirmative.    An order confirming or refusing to confirm a foreclosure sale is a final order affecting a substantial right, made "upon a summary application in an action after judgment" (subd. 2, sec. 3069, Stats. 1898), and hence is appealable.    *Jesup v. City Bank,* 15 Wis. 604.    The second question must also be answered in the affirmative.    Without quoting the recitals of the order and clerk's certificate at length, we think that taken together they satisfactorily show that the papers relied on by the parties on the hearing of the motion are before us.

It has been said by this court that it is the settled practice of courts of equity to refuse a resale for mere inadequacy of consideration, and that this court will not depart from that rule where no other cause exists.    *Meehan v. Blodgett,* 86 Wis. 511, 57 N. W. 291.    This is doubtless a correct statement of the rule, but it seems from the argument in the present case that it may be easily misunderstood.    It must be strictly confined to cases where there is absolutely no fact appearing except that the price is inadequate.    Whenever other facts appear, such as mistake, misapprehension, or inadvertence on the part of the interested parties or of intending bidders, as a result of which it seems to the court that the failure to obtain a fair and adequate price for the property was due in whole or in part to such mistake, misapprehension, or inadvertence, the court will readily refuse to approve the sale.    No fraud is necessary to justify the court in so withholding its approval.    The question simply is, Is the sale under all the circumstances one of which the court, in justice to all parties, should approve?    If the *only* objection be that a small price was obtained, the court will doubtless feel constrained to approve, unless indeed the price be so small as to amount itself to a fraud if it were permitted to stand.

There should, of course, be some stability to such sales. If an intending purchaser knows that he will probably not get the property but only a lawsuit in case he gets a good bargain, there will be few bidders. But, on the other hand, a court of equity has no interest in approving of the disposition of the property of debtors at ruinously low prices; and where it is clear that property has been so sold and there is fair ground to suppose that the result was even partially due to mistake or misapprehension on the part of the debtors or of others interested in seeing that the property is well sold, it is within the fair discretion of the court to refuse approval to the sale and order another, being careful at the same time to safeguard the rights of a *bona fide* purchaser and protect him from loss. *Adams v. Haskell,* 10 Wis. 123; *John Paul L. Co. v. Neumeister,* 106 Wis. 243, 82 N. W. 144; *Kremer v. Thwaits,* 105 Wis. 534, 81 N. W. 654. In the last named case it is aptly said that upon motion to confirm a sale the court should properly refuse confirmation upon a less showing of inequity or impropriety than would be required to set aside a sale already confirmed, and that in the former case the court should be governed by "a broad and comprehensive consideration of fairness and protection of the rights of all parties interested."

In the present case, under these principles, it was fairly within the discretionary power of the court to refuse confirmation, in view of the inadequacy of the consideration, the ignorance of the defendants as to the time of the sale, and the probability of obtaining a considerable increase of price upon a resale.

The order appealed from being discretionary and no abuse of discretion being shown, the appeal must be dismissed.

*By the Court.*—It is so ordered.