## WASATCH LIVESTOCK LOAN CO. v. JONES et al.

No. 5254.   Decided May 2, 1932.   (10 P. [2d] 1070.)

*Morgan & Morgan,* of Provo, for appellants.
*Thomas & Thomas,* of Salt Lake City, for respondents.

BATES, District Judge.

This action was brought by plaintiff to foreclose a chattel mortgage covering a band of sheep, executed by the defendants Joseph H. Jones and Emojean Jones. The defendants Earl Jones and Commercial National Bank were made parties defendant upon the theory that they claimed an interest in the mortgaged sheep. The defendant Joseph H. Jones defaulted. Trial was had between the plaintiff and the defendants Earl Jones and the Commercial Bank of Spanish Fork. The issue between these parties was whether the specific sheep claimed by the defendants Earl Jones and the Commercial Bank of Spanish Fork were the same sheep that were covered by the mortgage executed by the defendants Joseph H. Jones and Emojean Jones.

At the trial the defendant Joseph H. Jones testified that the sheep claimed by the defendants Earl Jones and the

Commercial Bank of Spanish Fork were not covered by or included in the mortgage executed by him and wife in favor of the plaintiff. Judgment was rendered in favor of the plaintiff against the defendants Joseph H. Jones and Emojean Jones, upon their default and against the defendants Earl Jones and the Commercial Bank of Spanish Fork, upon the issue as to the identity of the sheep. The order of foreclosure directed that these sheep claimed by Earl Jones and the Commercial Bank of Spanish Fork be sold and the proceeds applied to the payment of the promissory note executed by the defendants Joseph H. and Emojean Jones.

The defendants Earl Jones and Commercial Bank of Spanish Fork appealed from the judgment of the district court. Notice of appeal was served on plaintiff, but not upon defendants Joseph H. or Emojean Jones.

It is clear that Joseph H. Jones and Emojean Jones are interested adversely to appellants, because if the judgment is affirmed the proceeds from the sale of the sheep will pay part or all of the amount found by the court to be due from said defendants to the plaintiff. The statutes and numerous decisions by this court have clearly established the rule that in order to give this court jurisdiction of an appeal the notice of appeal must be served on all parties adversely interested. Counsel for the appellants recognizes the rule, but seems to be of the opinion that it ought not to be applied in this case because the defendant Joseph H. Jones specifically testified in court that the sheep in question were not the sheep nor any part of the sheep covered by the mortgage he gave plaintiffs. His testimony in that regard presents a serious question of fact. But that was decided by the trial court in favor of the plaintiffs. Notwithstanding his testimony the profits by the judgment and his interest would be adversely affected if the judgment were reversed.

Under these conditions we must hold that in law the defaulting defendants are adversely interested to the appellants, and that the failure to serve them with notice of

appeal deprives this court of jurisdiction to consider the case on its merits.

It is therefore ordered that the appeal be dismissed.

STRAUP, ELIAS HANSEN, FOLLAND, AND EPHRAIM HANSON, JJ., concur.

CHERRY, C. J., did not participate herein.