STEVENS and another, Appellants, vs. JACOBS and others, Respondents.

*April 17—December 7, 1937.*

*Henry A. Gunderson* of Portage, and *Lucius A. Squire* and *M. M. Morrissey,* both of Madison, for the appellants.

*Homer H. Benton* of Appleton, *Fisher, Cashin & Reinholdt* and *R. T. Reinholdt,* all of Stevens Point, and *Ekern & Meyers, Herbert H. Naujoks,* and *L. F. Binkley,* all of Chicago, Illinois, for the respondents.

The following opinion was filed October 12, 1937:

FOWLER, J.    The plaintiffs commenced an action against the defendants Carl N. Jacobs, O. P. Schlafer, and several others as directors of a corporation.   Trial was had to the court without a jury.   Judgment was entered in favor of all the defendants, dismissing the action on the merits, with costs to the defendants.   Two of the four plaintiffs attempted to appeal from the judgment.

The time limited by statute for taking an appeal from a judgment is six months from the entry of the judgment. Sec. 274.01, Stats.   Sec. 274.11 (1), Stats., provides that "An appeal is taken by serving a notice of appeal . . . on the *adverse party* and on the clerk of the court in which the judgment . . . is entered. . . ."   The judgment herein involved was entered January 11, 1937.   The defendant Schlafer died on February 23, 1937.   No notice of appeal was ever served on this defendant or on his executors.   His will was admitted to probate, and executors qualified on March 13, 1937.   There was thus ample time to serve a notice of appeal on the executors within the six months' period allowed in which to take an appeal.   The statutes make no provision that the death of a party shall extend the time for appeal, and it has been expressly held that the death of the party adverse to the appellant does not extend such time.   *Sambs v. Stein,* 53 Wis. 569, 11 N. W. 53.

The words "adverse party" in the appeal statute relative to serving notice above quoted includes each and every party whose interest on the face of the judgment is adverse to the interest of appellant. The headnote to sec. 274.12, Stats., reads: "All parties brought up on appeal." Although this section does not apply particularly to the bringing up of all parties adversely affected by the judgment, it implies that all parties in any way affected by it should be brought up. The defendant Schlafer was an adverse party, that is, a party adverse to the appellants, the same as any other defendants, and service of notice of appeal on him or his executors was as necessary to make to take an appeal as service on any other. The notice of appeal must be served on every party whose interest is adverse to the interest of appellants. *Rogers v. Shove,* 98 Wis. 271, 73 N. W. 989; *Green Lake County v. Waupaca County,* 113 Wis. 425, par. 3, Syl., 89 N. W. 549. It is stated in the opinion in *Estate of Sveen,* 202 Wis. 573, 575, 232 N. W. 549, that to confer jurisdiction on this court the notice of appeal must be served on every one of the adverse parties. The following cases from other jurisdictions support the proposition that the court is without jurisdiction of an appeal unless the notice of appeal is served on all adverse parties: *Thompson v. Newsom,* 52 Ind. App. 444, 100 N. E. 772; *Thwing v. McDonald,* 139 Minn. 157, 165 N. W. 1065; *Wasatch Livestock Loan Co. v. Jones,* 79 Utah, 352, 10 Pac. (2d) 1070; *Fairchild v. Plank,* 189 Iowa, 639, 179 N. W. 64.

The appellants contend however that, if Schlafer's executors are necessary parties to the appeal, sec. 274.12, Stats., affords a means of getting them here. The basis of this claim is a sentence in the middle of that section which reads: "The supreme court may by order at any time after an appeal is taken bring in additional parties . . . to the appeal, and in such case the . . . parties so brought in shall be given an opportunity to be heard before final judgment is pronounced

in said court." The provision quoted covers the matter of appeals by other parties desiring to appeal where one party adversely affected by a judgment has duly appealed and the others have not. It does not apply to a party in whose favor the judgment was rendered and whose interests are in nowise adversely affected by it. Such a party has no reason or ground for appeal. The provision relied on refers only to appellants, not at all to respondents. It therefore does not apply to the defendant Schlafer or his executors and affords no means of now making the latter parties to the appeal.

The appellants also contend that they did not desire to include the executors of Schlafer in their appeal, but say they are now willing to make service upon them if the court considers that such service is necessary, and urge that the court has power under sec. 274.32, Stats., to authorize them to serve the notice of appeal upon them now. They make no motion that the court exercise the power they urge it has, but desire the court to exercise it if it deems the service necessary. Sec. 274.32, Stats., reads:

"When a party shall in good faith *give notice of appeal* and shall omit, through mistake or accident, to do *any other act* necessary to perfect the appeal or make it effectual or to stay proceedings, the court from which the appeal is taken or the presiding judge thereof, or the supreme court or one of the justices thereof, may permit an amendment *or the proper act to be done,* on such terms as may be just."

The language of the statute above italicized indicates that the meaning of the statute is that where "notice of appeal" has in good faith been "given," and any other act necessary to perfect the appeal has been omitted through mistake or accident, this court may permit an amendment to any defective paper, or permit the act omitted that is necessary to "perfect the appeal" to be done. The "any other act" which the court may permit to be done is any act other than service of notice of appeal. Service of notice of appeal is an abso-

lute prerequisite of appeal. It constitutes the appeal. We recently held in *Estate of Fish,* 200 Wis. 61, 63, 227 N. W. 272, where an appeal from a county court judgment had not been taken within the time therefor prescribed by statute, we were without jurisdiction to entertain it, and the parties could not confer jurisdiction upon us by stipulation or failure to object.

Attention should perhaps be called to a statement in the opinion in *Estate of Sveen, supra,* in which reference to sec. 269.51, a statute similar to sec. 274.32, that where an appeal has been attempted in good faith "this court has power 'in its discretion to allow any defect or omission in the *notice,* undertaking or other appeal papers to be supplied, and with . . . the same effect as if the appeal had been originally properly taken.' " We are of opinion that the language of this statute does not reach the matter of serving a notice of appeal that has not been served within the statutory period. To give it that effect would be to give to the court the power to extend the time for taking an appeal, and that the court may not do. For more particular discussion of the powers of the court under sec. 274.32, Stats., see opinion in the case of *Wenzel & Henoch Construction Co. v. Wauwatosa, ante,* p. 10, 275 N. W. 552.

The contention of appellants that sec. 274.32 gives power to this court to relieve them from their failure to serve the notice of appeal on the executors of Schlafer might properly be disposed of by pointing out that that section only gives power to the court to act when an attempt has been made "in good faith" to take an appeal.

The appellants can hardly be considered as having at-tempted "in good faith" to have made proper service on Schlafer or his executors. They say in their brief upon the motion to dismiss: "While appellants have never had any desire to include the deceased O. P. Schlafer's estate in further prosecution of the appeal," etc. This certainly does not

imply any attempt to get service on the executors. Their attention was pointedly called on May 19th to the fact that the counsel upon whom the notice of appeal was served did not accept service for Schlafer. Service of notice was then accepted for all other defendants. This was sufficient to apprise appellants, if not of Schlafer's death, of the fact that service was not accepted in his behalf, and to indicate that further action must be taken in respect of serving notice upon him. At the time acceptance of service on Schlafer was refused, the executors had been appointed. Two months' time remained in which to serve the executors had the appellants "desired" to serve them. They had "no desire" to serve them. They were indifferent as to whether they should be brought into the appeal or not. Indifference toward service cannot be construed into a good-faith attempt to make service.

Attention of the legislature should perhaps be called to a circumstance which would defeat an appeal attempted in good faith which it might properly make provision against in the future. A person has six months in which to serve his notice. Suppose he intends to serve his notice within the last few days of the period. There are several adverse parties or only one for that matter. On the day before the appellant is to serve his notice of appeal one of the adverse parties or the only one dies. There is then no one upon whom he may make service. The authority of the attorney to act for the deceased party expires with his death. Appointment of an executor or administrator cannot possibly be made within the few remaining days of the period. The appellant has had no notice of impending or likelihood of the death. He is thus prevented without fault on his part from taking an appeal, however meritorious an appeal might be. The legislature might very properly provide, as is done by sec. 330.34, Stats., in relation to commencement of actions in case of

death. But provisions for appeal are for the legislature to make. The court cannot supply remedial legislation.

*By the Court.*—The appeal is dismissed, with $25 motion costs to respondents.

The following opinion was filed December 7, 1937:

FOWLER, J. (*on motion for rehearing*). There is a motion in this case to vacate the mandate dismissing the appeal and to dispose of the case on the merits. This is in effect a motion for rehearing. The ground laid for the motion is that the survivorship statutes, sec. 269.17 and sec. 269.18 apply to proceedings in the supreme court and permit an appeal to be prosecuted regardless of the death of a party affected by the judgment. These statutes are contained in Title XXV of the statutes designated as pertaining to proceedings in civil actions, and by sec. 260.01 of the title its provisions are limited to actions in the circuit court and courts of jurisdiction concurrent therewith to some extent "unless the context otherwise requires." The supreme court in appeal cases is not a court of concurrent jurisdiction with the circuit court, and we perceive nothing in the "context" of these statutes that "otherwise requires." But if any "context" does "otherwise require" the action must get into the supreme court by service of notice of appeal upon an adverse party prior to his death before it can be revived in that court under the survivorship statutes. An action cannot abate in the supreme court until it gets there, and it cannot be revived under the survivorship statutes until it has abated. If a party to a judgment adverse to the appellant dies after an appeal to this court has been taken, his personal representative may be substituted for him in this court and the action continued in the name of his personal representative, whether the survivorship statutes apply to the supreme court or not.

But Schlafer died before any attempt to appeal was made. He never got into this court at all. There could, therefore, be no revival of the action as to him in this court. After a judgment is entered in a trial court fixing the property rights of the parties or vesting interests, any party whose interests are affected by the judgment may appeal, although a party adverse to him may have died after the entry, provided that in due time he takes the steps necessary to a valid appeal. The question here is not whether the plaintiffs had the right to appeal, but whether they acted timely and efficiently to exercise that right. This we held they failed to do.

The case of *Jameson v. Bartlett,* 63 Neb. 638, 88 N. W. 860, is cited by counsel in support of their contention that the survivorship statutes give them the right to have the case continued in this court, and decided on the merits. It does not support the contention for the reason that the survivorship provisions of the Nebraska Code apply to all courts, even justice courts, *Miller v. Curry,* 17 Neb. 321, 22 N. W. 559, and for the reason that the appeal in that case had been duly taken before the party died.

The case of *Clark v. Fox & Wisconsin Imp. Co.* 20 Wis. *421, is also cited by movants in support of their contention. This case involved an appeal from a judgment of a trial court which dismissed a case on a motion made by a part of the defendants only. The ground of dismissal was that the state tax was not paid and the summons filed within the time specified by a statute, which expressly provided for dismissal for failure to comply in these respects. Judgment was entered for dismissal not only as against the moving defendants, but as against all. The notice of appeal to this court was served only on the attorney of the parties who moved below to dismiss. It was suggested by the appellants that the judgment of dismissal below was erroneous as to the nonmoving defendants. The opinion of this court states that possibly it was, but if so, as the plaintiff did not serve

any notice of appeal on them the appeal could not "be held good" as to them, but could only "be held good" as to the defendants upon whom the notice of appeal was served. The appeal was dismissed as to the defendants not served, and the judgment below was affirmed as to the defendants served. No motion to dismiss the appeal was made. Had such motion been made and the jurisdictional question called to the attention of the court, it doubtless would have been granted as the statute then as now required service of notice "on the adverse party," sec. 4, ch. CXXXIX, R. S. 1858, and the adverse party then as now included each and every adverse party. The point of want of jurisdiction of the appeal was not raised and the form of the mandate presumably was not considered. Its form therefore cannot be taken as authority or precedent for holding that dismissal of the appeal is not proper when motion is made to dismiss on the ground that notice of appeal was not served on all adverse parties.

The movants cite *Crowns v. Forest Land Co.* 99 Wis. 103, 74 N. W. 546, in support of the contention that want of service of notice upon Schlafer does not give his co-defendants right to move for dismissal for want of jurisdiction. A statement on page 105 of the opinion lends some color to the contention. It is to the effect that where service of notice of appeal is not made on one of two adverse parties "the fact of the motion to dismiss the appeals having been made by [the served] respondent on his own behalf, and not on behalf . . . [of the other party] would be sufficient reason for denying the motion." We think the statement was inconsiderately made. It is by implication contrary to the holding in *Rogers v. Shove,* 98 Wis. 271, 73 N. W. 989, decided only two months prior, and is made without reference to that decision. While in the *Rogers Case* the motion to dismiss was made by the party not served, the dismissal was not only as to him, but as to all parties. The statement referred to is contrary to several subsequent decisions of the

court cited in the opinion herein. The court in the *Crowns Case* had held that the person on whom the notice of appeal had not been served was not an adverse party. This rendered the statement referred to *obiter*. The statement was apparently made without thought that the question was one of jurisdiction, and that want of jurisdiction requires dismissal upon motion of any party, or by the court without motion of any party if noticed by the court.

There is sound reason for the rule requiring that notices of appeal shall be served on all adverse parties in cases wherein claim of joint liability is made by the plaintiff and the judgment is for the defendants on the merits, at least in cases on contract and in such tort cases as contribution between defendants lies. If appeal lay to a plaintiff in such cases without notice to one of the defendants, such defendant would not be bound by the judgment of the appellate court in case the judgment was reversed. The judgment below would be *res judicata* as to him, and thus bar the remaining defendants from contribution from him in case the judgment as to them was reversed and a new trial ordered as to them, and on retrial judgment went against them. The instant case is in effect one of alleged breach of trust by directors of a corporation. In such cases, in absence of bad faith, contribution between trustees lies. Restatement, Trusts, § 258. Perhaps there may be instances where the rights of all parties would be protected by the judgment on appeal, even though all parties adverse to the appellants were not served with notice of appeal. The appeal statutes do not attempt to provide for such cases, if such there be, but indicate the legislative view that on the whole justice is promoted by providing that the notice shall be so served in all cases.

*By the Court.*—The motion to change the mandate and retain the case for decision on the merits is denied, with costs.