A. J. STRAUS PAYING AGENCY, INC., and another, Respondents, vs. JENSEN and others, Defendants: CLOVIS, Appellant.

*December 7, 1937—January 11, 1938.*

464

For the appellant there was a brief by *George T. Stine* of Menasha, attorney, and *Gold & McCann* of Milwaukee of counsel, and oral argument by *Mr. Walter L. Gold* and *Mr. Stine.*

*Melvin F. Crowley* of Menasha and *Harvey C. Hartwig* of Milwaukee, for the respondents.

A brief was also filed by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, attorneys, "for holders of $30,100 of the outstanding issue of $55,500."

NELSON, J.    The question presented on this appeal is, to say the least, unusual if not novel.    The plaintiffs, as trustees under the trust deed, although represented at the foreclosure sale by counsel who bid competitively for the properties, would like to have another opportunity to bid at the

foreclosure sale because they now believe that if they owned the properties they could probably sell them for prices that might net the bondholders more than will result from the sale of the premises to Melissa Clovis for $40,100, subject to outstanding taxes. The sale was duly noticed, advertised, and fairly conducted. The plaintiffs as trustees were thoroughly familiar with the properties and with the income therefrom. Arthur J. Straus, one of the trustees, had materially assisted Mr. Jensen in the original financing, the giving of the trust deed, and the selling of the bonds. He was the president of the company that underwrote the bond issue. He was admittedly experienced in financing. The trustees were represented at the sale by their attorney, who was authorized to bid in their behalf. The bidding was competitive and the premises were struck off to the highest and best bidder. There was absolutely no fraud, no mistake, nothing that in law could be called misapprehension or inadvertence on the part of the trustees. There was no "chilling" of bids. No deficiency judgment is involved. The rule was established in this state that courts of equity will not refuse to confirm mortgage foreclosure sales simply because of mere inadequacy of the bid or consideration. *Meehan v. Blodgett,* 86 Wis. 511, 57 N. W. 291; *John Paul Lumber Co. v. Neumeister,* 106 Wis. 243, 82 N. W. 144. This rule, however, is confined to cases "where there is absolutely no fact appearing except that the price is inadequate." *Griswold v. Barden,* 146 Wis. 35, 37, 130 N. W. 952. In that case it was said:

"Whenever other facts appear, such as mistake, misapprehension, or inadvertence on the part of the interested parties or of intending bidders, as a result of which it seems to the court that the failure to obtain a fair and adequate price for the property *was due in whole or in part to such mistake, misapprehension, or inadvertence,* the court will readily refuse to approve the sale. No fraud is necessary to justify

the court in so withholding its approval. The question simply is, Is the sale under all the circumstances one of which the court, in justice to all parties, should approve?" See also *Kremer v. Thwaits,* 105 Wis. 534, 81 N. W. 654; *Johnson v. Goult,* 106 Wis. 247, 82 N. W. 139.

As before stated, the only reason for a resale was the asserted belief of the trustees that if they could purchase the properties and have a reasonable time in which to dispose of them, either for cash or for cash in part and a mortgage for the balance, a larger return might be made to the bondholders. We do not think that such a showing spells an unfair price at the sale, especially in view of the fact that, just a week before the date of sale, the court fixed an upset price of $12,500, subject to outstanding taxes on the store building, and $20,000, subject to outstanding taxes, on the hotel building. The court did not find that the bid of $40,100 was so inadequate as to shock the conscience of the court. It did not even find that the bid was inadequate. The situation here is in no sense comparable to the situation involved in *Suring State Bank v. Giese,* 210 Wis. 489, 246 N. W. 556, where a deficiency judgment was involved, and where the price bid was so inadequate as properly to shock the conscience of the court. While courts, in the exercise of their jurisdiction over trustees, should see to it that foreclosure sales in which bondholders are interested should be fairly conducted, there is nothing in this case tending to show that the bondholders have been dealt with other than fairly. The record reveals that a substantial majority of the bondholders favors confirmation of the sale to Melissa Clovis. We are of the firm opinion that the trial court abused its discretion in refusing to confirm the sale. To permit a plaintiff mortgagor to have a resale of properties simply because subsequent to a sale he has acquired information which leads him to believe that he should have bid more at the sale, and that it probably would have been profitable to him, if he had done

so, would introduce into mortgage foreclosure sales an element which would tend to destroy bidding at such sales. As was said in *Griswold v. Barden, supra* (p. 38):

"There should, of course, be some stability to such sales. If an intending purchaser knows that he will probably not get the property but only a lawsuit in case he gets a good bargain, there will be few bidders."

*By the Court.*—Order reversed, and cause remanded with directions to the circuit court to confirm the sale to Melissa Clovis.