HAAS, Respondent, vs. MOLOCH FOUNDRY & MACHINE COMPANY, Defendant: KANIK, Appellant.

*May 9—June 6, 1939.*

530

*A. L. Skolnik* of Milwaukee, for the appellant.

*J. W. Lefevre* of Kaukauna, for the defendant Moloch Foundry & Machine Company.

*Heber H. Pelkey* of Appleton, for the respondent.

MARTIN, J. The motion to dismiss the appeal is based upon sec. 274.11 (1), Stats., which provides:

"*Appeal, how taken and perfected, costs.* (1) An appeal is taken by serving a notice of appeal, signed by the appellant or his attorney, on the adverse party and on the clerk of the court in which the judgment or order appealed from is entered. . . ."

The respondent contends that Kraut, the purchaser at the receiver sale, is a necessary party to an appeal from an order confirming the sale to him. That the service of a notice of appeal upon the adverse party or parties is essential to the

jurisdiction of this court was recently held in *Stevens v. Jacobs,* 226 Wis. 198, 275 N. W. 555, 276 N. W. 638, and the foundations for the requirement were so thoroughly discussed in that case as to require no further discussion here. In *Harrigan v. Gilchrist,* 121 Wis. 127, 208, 99 N. W. 909, the court states that the supreme test as to satisfaction of the appeal statute with respect to service on an adverse party "is the possession of some substantial interest adverse to the judgment, a revision of which is sought in the appellate court." In *Rogers v. Shove,* 98 Wis. 271, 272, 73 N. W. 989, it was held:

"The purchaser of real estate at foreclosure sale becomes a *quasi* party to the action, so far as the proceedings to confirm the sale are concerned, and may appeal from orders affecting his right to such confirmation."

It seems to us that this case is clearly applicable to the present motion to dismiss. It is contended by appellant that the case is governed by *Crowns v. Forest Land Co.* 99 Wis. 103, 74 N. W. 546, but we think that appellant is in error in this contention. That was an action to foreclose a mortgage. The answer set up certain defenses which were stricken as frivolous, and judgment entered for plaintiff. Thereafter, the property was sold, the sale confirmed, and a judgment for deficiency entered against the defendant. The appeal was from the judgment of foreclosure and the judgment for deficiency. This court denied a motion to dismiss both appeals upon the grounds that the notices of appeal had not been served upon the purchaser at the foreclosure sale. This holding was grounded upon the fact that while the purchaser was a *quasi* party to the suit, and an adverse party so as to require the service of a notice of appeal from the order confirming the sale as was held in the *Rogers Case,* nevertheless after the sale had been confirmed, the rights of the purchaser if a stranger to the record become absolute and his title will not be disturbed by reversal of the judgment. The court

said that the adverse party mentioned by the statute is one who has an interest adverse to the reversal of the matter appealed from and that here the purchaser had no such interest. This is quite a different case than the one proposed here. Appellant seeks to claim that he is not interested in, nor will his appeal in any way disturb, the title of the purchaser at the receiver sale, that all he proposes to litigate are his rights against the receiver and the trustee. The difficulty with this position is that he appeals from the whole of the order confirming the sale. As pointed out in the *Rogers Case,* the purchaser, Kraut, is inevitably interested and affected by any reversal of the order confirming the sale. In view of the scope of the appeal, appellant is not in a position to claim benefits of the doctrine of the *Crowns Case.*

We are of the view that the appeal must be dismissed for the reasons indicated, and in view of this conclusion, there is no occasion to consider or discuss other questions.

*By the Court.*—Motion to dismiss appeal granted.