DAANEN, Respondent, vs. MACDONALD and others, Defendants: KNOKE and others, Appellants.

*March 8—April 12, 1949.*

442

For the appellants there were briefs by *Norman H. Smith* of Green Bay, attorney, and *Lee H. Cranston* of Green Bay and *Bradford, Derber & Gabert* of Appleton of counsel, and oral argument by *Mr. Smith* and *Mr. Cranston.*

For the respondent there was a brief by *Everson, Ryan, Whitney & O'Melia* of Green Bay, and oral argument by *E. L. Everson.*

BROADFOOT, J.  The motion to dismiss the appeal must be denied.  Sec. 274.11 (1), Stats., provides that the notice of appeal must be served on the "adverse party."  The term "adverse party" has been defined by this court in many cases.  In *Harrigan v. Gilchrist,* 121 Wis. 127, 208, 99 N. W. 909, the court states that the supreme test as to satisfaction of the appeal statute with respect to service on an adverse party "is the possession of some substantial interest adverse to the judgment, a revision of which is sought in the appellate court."  In *Estate of Pitcher,* 240 Wis. 356, 360, 2 N. W. (2d) 729, the court used the following language :

"In relation to the term 'adverse party' as used in sec. 274.11 (1), Stats., we said in *Stevens v. Jacobs,* 226 Wis. 198, 201, 275 N. W. 555, 276 N. W. 638,—
"The words 'adverse party' in the appeal statute relative to serving notice above quoted includes each and every party whose interest on the face of the judgment is adverse to the interest of appellant. . . . The notice of appeal must be served on every party whose interest is adverse to the interest of appellants.  *Rogers v. Shove,* 98 Wis. 271, 73 N. W. 989; *Green*

*Lake County v. Waupaca County,* 113 Wis. 425, par. 3, Syl., 89 N. W. 549."

In this case the defendants MacDonald and Wisconsin Public Service Corporation had no substantial interest adverse to the order. They are apparently well satisfied with the order. In their appeal the appellants ask for nothing adverse to them. Therefore they are not adverse parties under the language of the statute, and there was no requirement that notice of appeal be served upon them.

The questions raised by the appeal are as follows: (1) Considering all of the evidence, was the plaintiff's causal negligence as great as the negligence of each of the car-driver defendants as a matter of law? (2) Should the trial court have increased the jury's wage-loss allowance with the option to the plaintiff to accept the increased amount or to have a new trial? The questions raised or sought to be raised on plaintiff's motion, to review are as follows: (3) Should the trial court have raised the jury's allowance for wage loss from $6,600 to only $8,500 instead of a sum substantially larger than $8,500? (4) Should the trial court have increased the jury's allowance for pain and suffering? (5) In giving plaintiff an option to take an increased amount for wage loss or a new trial should the trial court have limited the issue on the new trial to the amount of damages only? (6) Was the defendant MacDonald causally negligent as a matter of law? (7) Should the trial court have granted plaintiff a new trial as to MacDonald and his employer?

As to question (1) the record discloses that plaintiff and Janssen had aided other stalled automobiles during the afternoon. While extricating their first car they had used flares and warning lights. At the time of this accident they had no more fusees, flares, or warning lights upon the truck. The plaintiff testified on cross-examination that it was the custom of truck operators and wreckers to put out flares when visibility

is poor; that visibility was very bad at the time of the accident; that he would have put out flares or fusees if there had been any on the wrecker; and that the MacDonald car was in a dangerous position. From these portions of the record appellants argue that under the provisions of the statute quoted below the plaintiff was causally negligent as a matter of law to a degree equal to or exceeding that of MacDonald and Knoke. Sec. 85.06 (2) (d), Stats., provides as follows:

"No person shall, during any period of time from one-half hour after sunset to one-half hour before sunrise, permit a motor truck, truck tractor, trailer or semitrailer to stand upon any traveled portion of a highway outside of the corporate limits of any incorporated city or village, unless such vehicle is protected by a burning fusee or flare placed on the extreme left side of the vehicle and by lights placed approximately one hundred twenty-five feet to the front and rear of the vehicle, to clearly indicate the presence of such vehicle. Such flares or lights shall be kept burning the entire time such vehicle is left standing. Every such vehicle operated on the highways shall be provided at all times with the flares or other lights required to comply with this subsection."

There was no statutory duty to set out fusees, flares, or other lights at four o'clock in the afternoon, the approximate time of this accident. Whether the failure to put them out was negligent and whether these additional lights would have prevented the accident were questions for the jury. After a review of the record we cannot disturb its findings.

Questions (2), (3), and (4) relate to damages. Appellants claim the amounts found by the jury should have been permitted to stand. The respondent argues that the damages are grossly inadequate and that the court should have increased the amount of damages found by the jury to a greater extent than it did. The questions were before the trial judge upon motions and the subject was one for the exercise of his sound discretion. We cannot find any abuse of that discretion. The plaintiff has exercised his option to have a new trial and

the amount of damages will again be passed upon by a jury.

As to question (5), this matter was also for the sound discretion of the trial court, and we can find no abuse of discretion.

Questions (6) and (7) are not properly before us. The plaintiff, by his motion to review, cannot raise any questions as to the defendants MacDonald and Wisconsin Public Service Corporation. In order to do so the plaintiff would be required to perfect his own appeal as to them. Sec. 274.12, Stats., provides as follows:

". . . In any case the appellee may have a review of the rulings of which he complains, by serving upon the appellant any time before the case is set down for hearing in the supreme court, a notice stating in what respects he asks for a reversal or modification of the judgment or order appealed from. . . ."

As the appeal in this case was from a portion only of the order the appellee is limited on motion to review to that part of the order appealed from.

*By the Court.*—That part of the order appealed from is affirmed.