GUMZ, Assignee of Production Credit Association of Madison, Plaintiff and Respondent, v. CHICKERING and another, Copartners d/b/a C & J Farms, Defendants and Respondents: STATE, Intervenor by Purchase, Appellant.

*April 5—April 26, 1963.*

630

For the appellant the cause was argued by *John H. Bowers,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

For the respondents there was a brief by *Bogue & Sanderson* of Portage, for Chickering and Jacobson, and *Francis W. Murphy* of Portgage, for Gumz, and oral argument by *Mr. Murphy* and *Mr. Thomas J. Sanderson.*

WILKIE, J.    There are two questions to be considered on this appeal.

(1) Is the state of Wisconsin a proper party to bring this appeal? (Necessary here because the court did not issue a memorandum or opinion at the time of dismissal of the motion to dismiss the appeal, as stated above.)

(2) Did the trial court abuse its discretion in refusing to confirm the sale of the premises to the state of Wisconsin and in ordering a new sale?

(1) *Is the state of Wisconsin a proper party to bring this appeal?* An early Wisconsin case, *Rogers v. Shove* (1898), 98 Wis. 271, 73 N. W. 989, clearly establishes that the purchaser at a foreclosure proceeding is a proper party to an appeal. In that case, Shove and his wife, the mortgagors, took an appeal from an order confirming the sheriff's sale of the premises involved in the foreclosure proceedings. The mortgagors served notice of appeal upon the plaintiff, but not upon the purchasers at the sale. The court in that case said, at page 272:

"The purchaser of real estate at foreclosure sale becomes a quasi party to the action, so far as the proceedings to confirm the sale are concerned, and may appeal from orders affecting his right to such confirmation. *Ward v. Clark,* 6 Wis. 509; *Kneeland v. Am. L. & T. Co.* 136 U. S. 89. Upon all motions affecting that right, he is undoubtedly 'the adverse party;' and, if he has the right to appeal from orders denying confirmation, the converse naturally follows, namely, that he is entitled to service of the notice of appeal from the order of confirmation when such appeal is taken by other parties. The statute provides that an appeal is to be taken by serving the notice of appeal 'on the adverse party,' and on the clerk of the court. R. S. sec. 3049. In case of such an appeal as the one before us, the purchaser is unquestionably the principal 'adverse party,' and must be served with the notice. *Barnes v. Stoughton,* 6 Hun, 254."

In *Haas v. Moloch Foundry & Machine Co.* (1939), 231 Wis. 529, 532, 286 N. W. 62, this court quoted with approval

the above statement from the *Rogers Case, supra,* to the effect that the purchaser at a foreclosure sale "may appeal from orders affecting his right to such confirmation."

Counsel contends that the state is not a "party aggrieved" under sec. 274.10, Stats.,[1] and therefore not entitled to appeal.

However, counsel fails to cite any authority, nor can we find any, that one standing in the shoes of the state in a situation as presented in the case at bar is not an "aggrieved party."

Gumz cites *Gerhardt v. Ellis* (1908), 134 Wis. 191, 196, 114 N. W. 495, to wit: "It is clear that the title [to the foreclosed premises] does not pass until confirmation so as to vest the purchaser with the right of possession." This is true, but that does not substantiate the position that prior to the confirmation of the sale, the purchaser cannot be classified as an aggrieved party under sec. 274.10, Stats. There is no conflict between the *Rogers Case* and the *Gerhardt Case.* The fact that one is not entitled to possession does not preclude his being an aggrieved party.

The state, therefore, in the case at bar, is a proper party to bring this appeal.

(2) *Did the trial court abuse its discretion in refusing to confirm the sale of the premises to the state of Wisconsin and in ordering a new sale?* The main question on this appeal is whether or not the trial court abused its discretion in refusing to confirm the sale of the mortgaged premises to the state of Wisconsin and in ordering a resale. This question has been before this court on many occasions and in a very early case of *John Paul Lumber Co. v. Neumeister* (1900),

---

[1] "274.10 WRIT OF ERROR NOT ESSENTIAL, PARTIES DEFINED. Any judgment within sec. 274.09 or any order defined in sec. 274.33 may be reviewed before the supreme court upon an appeal by any party aggrieved. A party first appealing is the appellant. All others are respondents."

106 Wis. 243, 246, 82 N. W. 144, the following rule was established which is still the law today:

"The granting or refusing of an application to set aside such sale [foreclosure] and order a resale, as a matter of favor, rests in the sound discretion of the trial court; and its determination will not be disturbed, except for a clear abuse of such discretion."

A further rule is firmly established in Wisconsin that a sale will not be set aside simply because the price obtained by the sale was inadequate. As stated in *A. J. Straus Paying Agency v. Jensen* (1938), 226 Wis. 462, 466, 277 N. W. 105, this rule "is confined to cases 'where there is absolutely no fact appearing except that the price is inadequate.'" The *Straus Case* quotes from *Griswold v. Barden* (1911), 146 Wis. 35, 37, 130 N. W. 952:

" 'Whenever other facts appear, such as mistake, misapprehension, or inadvertence on the part of the interested parties or of intending bidders, as a result of which it seems to the court that the failure to obtain a fair and adequate price for the property *was due in whole or in part to such mistake, misapprehension, or inadvertence,* the court will readily refuse to approve the sale. No fraud is necessary to justify the court in so withholding its approval. The question simply is, Is the sale under all the circumstances one of which the court, in justice to all parties, should approve?' See also *Kremer v. Thwaits,* 105 Wis. 534, 81 N. W. 654; *Johnson v. Goult,* 106 Wis. 247, 82 N. W. 139." [2]

In other words, a trial court may refuse to confirm a sale if he is satisfied (1) that the price received for the property was inadequate, and (2) that there was a showing of mistake, misapprehension, or inadvertence on the part of interested parties or prospective bidders.

---

[2] To like effect are *Estate of Strass* (1960), 11 Wis. (2d) 410, 105 N. W. (2d) 553; *Gratiot State Bank v. Martin* (1943), 242 Wis. 254, 7 N. W. (2d) 863.

Moreover, under Wisconsin law a trial court also has discretion to refuse to confirm such a sale even though there is no mistake, misapprehension, or inadvertence, where the sale price is not only inadequate, but is so grossly inadequate as to shock the conscience of the court. *Anthony Grignano Co. v. Gooch* (1951), 259 Wis. 138, 140, 47 N. W. (2d) 895, cites the general rule that mere inadequacy of price is not usually sufficient grounds of itself for vacating a judicial sale, but further states, quoting from 31 Am. Jur., Judicial Sales, p. 465, sec. 127, " '. . . unless the inadequacy is so gross as to shock the conscience and raise a presumption of fraud, unfairness, or mistake.' " [3]

In his formal order of November 7, 1962, the trial court found "that the highest bid [$87,000] at the sale . . . by the . . . conservation commission . . . *was not sufficiently high in view of the obvious value of this property,* to be confirmed by this court." In the later hearing on November 27th, when the trial court gave his final ruling from the bench he stated: ". . . *the court certainly feels that there is a sufficient showing of an inadequacy in the price bid to shock the conscience of the court* and to warrant the resale which was ordered." (Emphasis added.)

The formal order entered by the court following this hearing made no additional findings and merely ordered the denial of the state's motion to confirm the sale and it further ordered that the order of November 7th be ratified. In other words,

---

[3] In *Welfare Building & Loan Asso. v. Gearhard* (1940), 235 Wis. 229, 293 N. W. 813, the court held, at page 235: " 'It is also well settled in this state that mere inadequacy of the bid or consideration of a mortgage foreclosure sale does not ordinarily justify the court in refusing to confirm such a sale unless the inadequacy of the bid shocks the conscience of the court or results in an injustice. *Northwestern Loan & Trust Co. v. Bidinger,* 226 Wis. 239, 245, 276 N. W. 645; *A. J. Straus Paying Agency v. Jensen,* 226 Wis. 462, 277 N. W. 105.' *Cameron v. Heinze,* 231 Wis. 479, 487, 286 N. W. 47."

there was no formal written finding which identically set forth the judge's oral declaration that: "The court certainly feels that there is a sufficient showing of an inadequacy in the price bid to shock the conscience of the court and to warrant the resale which was ordered." It is well established that "where the trial court in its memorandum decision makes a full analysis of all the facts, the decision is accorded the consideration and weight of formal findings." *L. Rosenheimer Malt & Grain Co. v. Kewaskum* (1957), 1 Wis. (2d) 558, 560, 85 N. W. (2d) 336; *Will of Daniels* (1937), 225 Wis. 502, 274 N. W. 435. The judge's oral declaration, reduced to writing, was a "memorandum decision."

In the face of this record, the trial court's determination is enough to set aside the sale provided we are satisfied that the record before the trial court sustained his finding. The trial court did have the affidavits of Mr. Klepinger, Mr. Chickering, and Mr. Gumz, all as to value; the Chickering petition and Gumz affidavit representing that Gumz was ready to deposit $5,000 to guarantee that he would make a bid at an ordered resale of at least $100,000. It is also important to note that whereas the state was definitely considering the land for a wildlife refuge, and it might very well have a value of only $87,000 for that purpose, Mr. Gumz and other prospective bidders were not, and the trial court might well have had in mind the fact that this property was improved as a muck farm and that it might have considerably more value for that purpose. The court could well have considered the fact that a great deal of money had been invested on draining, tiling, and on storage facilities. The trial court stated many times that its objective was to get the best possible price and with this in mind it cannot be said that the trial court abused its discretion in its findings. The trial court made no actual finding of what the true value of the

property was and could well have considered that it was worth even more than the $100,000 minimum set by Gumz.

Another factor that we must consider is that the whole foreclosure procedure is equitable in nature and that such a proceeding contemplates the exercise of considerable discretion on the part of the trial court.

Although the setting aside of a foreclosure sale by a trial court should also be sustained if it is not prepared to go as far as to say (as the trial court did here) that the inadequacy of price shocks the conscience of the court, but if it concludes that there is an inadequacy of price coupled with mistake, misapprehension, or inadvertence such as to make the confirmance of the sale unfair and unjust, it is not necessary to consider the application of this rule here since the court did in fact find that the successful bid price did shock the conscience of the court. Nevertheless, Gumz and the mortgagors do assert various grounds of "mistake, misapprehension, or inadvertence," claiming in substance that the advertising of the sale was nebulous, that one would believe that the buyer was not entering into a binding agreement, that rumors circulated that the Wisconsin conservation commission had no authority to purchase the property, that the Wisconsin conservation commission had exhausted its appropriations and could not complete a successful bid, and that the advertising of the sale of the property was too localized. Without considering these detailed contentions, suffice it to say that the trial court did not make any formal findings nor did he even express any fixed conclusions orally backing up any of these claims, and thus it must be concluded that the trial court's determination was not in any respect based on any alleged "mistake, misapprehension, or inadvertence." That the court did pay some attention to these complaints is shown by the terms of the resale ordered on November 7th, which order

requires publication of the resale in Packer, a publication receiving wide circulation among muck farmers, and directing that the successful bidder at the resale deposit $10,000 in cash to bind the sale.

Because of the result reached, it is not necessary for us to decide any of the questions raised concerning the authority of the representative of the state to bid at the sale, or the authority of the state of Wisconsin or the Wisconsin conservation commission to make this particular proposed purchase.

*By the Court.*—Orders of November 7, 1962, and of November 30, 1962, affirmed.